607 So.2d 872 (1992)
STATE of Louisiana, Appellee,
v.
Keith BARNES, Appellant.
No. 24213-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
Peter E. Edwards, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Marcus R. Clark, Asst. Dist. Atty., Monroe, for appellee.
Before HIGHTOWER, VICTORY and BROWN, JJ.
VICTORY, Judge.
Defendant, Keith Barnes, charged with distribution of cocaine and conspiracy to distribute cocaine, pled guilty to the distribution charge with an agreement the conspiracy charge would be dismissed at sentencing. He was sentenced under the Louisiana Felony Sentencing Guidelines to serve 180 months (15 years) consecutively to the sentence he was already serving due to a probation revocation from an earlier drug conviction. He appeals the 15-year sentence as excessive. We affirm.

FACTS
The evidence of record shows that on the date of the instant offense, June 17, 1991, the defendant was on probation for a conviction for attempted distribution of cocaine. On that day, undercover officers of the Monroe Metro Narcotics unit met defendant through two females, who later were charged separately with conspiracy to distribute cocaine, for the purpose of purchasing rock cocaine. For a total price of $60, defendant sold them four rocks, which were later analyzed and determined to be cocaine.
At the time of sentencing the trial court reviewed a PSI report, including a worksheet which computed the defendant's guideline sentencing range. The worksheet determined the appropriate grid cell to be "2B", which calls for a sentence between 150 to 180 months of incarceration. Noting that this was defendant's second felony offense, the court sentenced defendant to serve 15 years (180 months), the maximum sentence in cell "2B." After sentence was pronounced, defense counsel made an oral motion for reconsideration of sentence, pursuant to LSA-C.Cr.P. Art. 881.1, but did not state any ground for the motion. Following a denial of the motion to reconsider, defense counsel made an oral motion to appeal the sentence on grounds of excessiveness. On appeal, defendant urges that the sentence is excessive, that *873 the court failed to state its reasons for the sentence, including its reasons for sentencing under grid cell "2B."

REASONS FOR SENTENCE
LSA-C.Cr.P. Art. 894.1(C), part of the implementing legislation to the Felony Sentencing Guidelines and drafted and supported by the Louisiana Sentencing Commission, effective January 31, 1992, provides:
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
When a judge departs from the recommended sentence range on the guidelines grid due to one or more aggravating or mitigating circumstances present to a significant degree, this provision requires the judge to fully explain the aggravating or mitigating circumstances justifying his departure, and give all the facts taken into consideration in imposing sentence.
However, when a trial judge sentences within the designated sentence range on the sentencing grid, he need only put on the record the sentence, the grid cell selected for the sentence imposed, and how he determined that the cell selected was appropriate. La.S.G. § 201(B) and (C). In this case, the judge determined cell "2B" was the proper cell, and although he did not state for the record how he determined "B" to be the appropriate criminal history class for the defendant, the facts necessary to make the determination are in the record:

 FACTORS POINTS
Prior felony conviction for attempted distribution of cocaine 2.0
[Attempt is one level below distribution; See § 402.A and § 203 E(5)]
Four prior misdemeanor convictions at .25 each. [§ 205 C(3)(b)] 1.0
Same crime family as prior conviction [§ 205 C(3)(c)] .5
In custody status, probation, when committed crime [§ 205 C(3)(d)] 1.0
 ___
 TOTAL CRIMINAL HISTORY SCORE: 4.5

Since the defendant had a total criminal history score of 4.5, which falls within class "B" of the criminal history index on the grid, and the instant crime of conviction was a category 2 crime, he was properly sentenced per grid cell "2B." See La.S.G. § 402(F) and the Sentencing Guidelines Grid, § 403(A).

MOTION TO RECONSIDER
LSA-C.Cr.P. Art. 881.1 provides:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or *874 from urging any ground not raised in the motion on appeal or review.
The above article became effective January 31, 1992, 30 days after the effective date of the Felony Sentencing Guidelines, thus, is applicable to defendant's February 21, 1992 sentence.
Article 881.1, also part of the implementing legislation for the Felony Sentencing Guidelines, has two purposes. First, by requiring a defendant to bring to the sentencing court's attention the specific grounds for any errors that may have occurred in sentencing, the trial judge has the opportunity to change or correct the sentence. Second, it gives the trial judge the flexibility to change a felony sentence after the defendant has begun to serve his sentence. The trial court has the authority to set a longer period of time than the 30 days set out in the article for the filing of the motion to reconsider, thus allowing the trial judge to signal his possible willingness to reconsider the sentence after a period of incarceration in excess of 30 days. Such reconsideration may be based on factors such as behavior in prison, cooperation with the state in other criminal matters, or any other factors the sentencing judge might consider relevant to reduce the sentence imposed. Here, defense counsel chose to assert his motion for reconsideration orally at the time sentence was imposed.
When a motion for reconsideration is made, Article 881.1 requires the defendant to include a specific ground upon which the reconsideration is urged. The grounds might include, for example, failure to sentence within the proper grid cell, miscalculation of the criminal history score, or failure to depart from the designated sentence range when there were mitigating circumstances present to a significant degree. However, when a sentence has been imposed within the designated sentence range of the selected grid cell, a mere claim that the sentence is excessive is insufficient to meet the requirements of Article 881.1 that the "ground" for the claim be specified. Failure to make a motion for reconsideration at all, or failure to include a specific ground for the claim, precludes the state or the defendant from raising an objection to the sentence or urging any ground not raised in the motion on appeal or review. Further, an appeal based solely on a claim of excessiveness, without a stated ground, when a sentence has been imposed within the designated sentence range of the grid cell selected presents the appellate court with nothing to review, since such a sentence is appropriate for an offender with that criminal history, and is not excessive under the Louisiana Constitution. La.S.G. § 201(C).
Here, the defendant failed to state any ground, in support of his motion to reconsider, and is precluded from now raising any objections to the sentence. This is in accord with the requirement of LSA-C.Cr.P. Art. 841 which provides that an irregularity or error cannot be availed of unless it was objected to at the time of occurrence and the grounds for the objection given. See also, Louisiana Code of Evidence, Article 103 A(1).
An error patent review discloses that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief, as mandated by LSA-C.Cr.P. Art. 930.8. However, this defect has no bearing on whether the sentence is excessive and thus, is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921. We also note that the three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922.

DECREE
For these reasons, the defendant's sentence is affirmed. The trial court is ordered to send written notice to defendant of the prescriptive period for post-conviction relief, within ten days of the rendition of this opinion, and file written proof in the record that defendant received such notice.
AFFIRMED.