609 So.2d 1094 (1992)
STATE of Louisiana, Appellee,
v.
Donald Ray BREWSTER, Appellant.
No. 24299-KA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1992.
Carso & Noel by Robert S. Noel, II, Monroe, for appellant.
Richard P. Ieyoub, Atty. Gen., Jerry L. Jones, Dist. Atty., Charles L. Cook, Asst. Dist. Atty., for appellee.
Before LINDSAY, BROWN and STEWART, JJ.
STEWART, Judge.
Pursuant to a plea bargain, defendant, Donald Ray Brewster, was charged with and pled guilty to five counts of simple burglary of an inhabited dwelling (LSA-R.S. 14:62.2). He had confessed to 22 burglaries of inhabited dwellings, and the state asserted it could charge him with 40 such burglaries. At the sentencing hearing, Brewster did not object to the state's assertions regarding the 40 burglaries.
The trial court sentenced Brewster to 12 years at hard labor on each of the five counts. Each sentence on counts 1, 2, and 3 was ordered to be served consecutively. The sentences on counts 4 and 5 were ordered to be served concurrently with each other and with the other three sentences. The first year of each sentence was without benefit of probation, parole or suspension of sentence, as required by statute.
*1095 On appeal, defendant challenges these sentences as unconstitutionally excessive. This claim is not properly before this court due to defendant's failure to comply with LSA-C.Cr.P. Art. 881.1 and therefore is not subject to review.

FACTS
Donald Ray Brewster was arrested by a police stake-out team which had been formed due to a rash of "cat burglaries" in the Town & Country area of Monroe. The team saw him peering in the windows of several apartments at 1:00 a.m. After the team confronted him, he consented to a search of a bag he was carrying. It contained gloves, two screwdrivers and a knife. His shoes matched impressions which were made at the prior "cat burglaries." Brewster confessed that, without the owners' permission, he entered numerous homes in the area and took purses, wallets, and cash. He provided details of the methods of entry which were consistent with the victims' reports of the burglaries. Many of these details would have been known only to the burglar.
The police initially were aware of 13 other similar burglaries, but Brewster did not confess to them, although he did say he couldn't remember all the homes he had burglarized.
Brewster was charged with burglaries which occurred at different locations in Monroe on June 18 and 19, 1990, June 25, 1990, February 3, 1991, February 16, 1991, and February 25, 1991. The police reports of the charged crimes show that he stole jewelry, a pistol, wallets, purses, and at least $740 in cash. The PSI report shows the total loss to the victims in all the charged burglaries was more than $5,000, which includes over $600 dollars in property damage to the residences.
The trial court sentenced Brewster to 12 years at hard labor, with the first year on each count being without benefit of probation, parole, or suspension of sentence. The trial court ordered counts 1, 2, and 3 to be served consecutively and counts 4 and 5 to be served concurrently with the other sentences, for a total of 36 years. Thus, he was sentenced to serve 36 years, only three of which are without benefit, less than half of his exposure, as charged, of 60 years at hard labor with 5 years without benefit of probation, parole, or suspension of sentence. In the absence of a plea bargain, if Brewster had been charged and convicted of all 40 burglaries, his exposure would have been 480 years, with 40 years without benefit. Defendant now asserts the sentence imposed is excessive.

DISCUSSION
The court imposed sentence on March 11, 1992, almost six weeks after the effective date of LSA-C.Cr.P. Art. 881.1. This article allows a defendant to file a motion to reconsider sentence within 30 days following imposition of the sentence or within such longer period as the trial court may set at sentencing. Paragraph A(2) of the article requires that the motion set forth the specific grounds on which the motion is based.
Failure to make a motion for reconsideration at all, or failure to include a specific ground for the claim, precludes the state or the defendant from raising an objection to the sentence or urging any ground not raised in the motion on appeal or review.
State v. Barnes, 607 So.2d 872 (La.App.2d Cir.1992) (emphasis added).
The record shows that defendant did not file a motion for reconsideration. At the close of the sentencing proceeding, defense counsel said, "I would respectfully move the court to reconsider the sentence." Counsel did not state any specific ground for reconsideration, nor did he urge any grounds upon which to base a claim of excessiveness. Defendant's failure to state or file a motion for reconsideration which set forth the specific grounds on which the motion was based precludes him from now raising an objection to the sentence imposed. LSA-C.Cr.P. Art. 881.1 A(2) and D. As this court stated in Barnes, supra,
This is in accord with the requirement of LSA-C.Cr.P. Art. 841 which provides that an irregularity or error cannot be availed of unless it was objected to at the *1096 time of occurrence and the grounds for the objection given.
Therefore, this assignment is not subject to review.
We have examined the record for error patent and found none. Accordingly, the convictions and sentences are affirmed.
AFFIRMED.
BROWN, J., concurs with reasons.
BROWN, Judge, concurring.
Defendant, 30 years of age, bargained to plead guilty to 5 counts of residential burglary and following a sentencing hearing, received a total of 36 years at hard labor.
Defendant had confessed to 22 similar burglaries and the prosecutor indicated that he could have been charged with more than 40 burglaries; however, under the law defendant was a first felony offender. The trial court considered the newly enacted sentencing guidelines but stated:
Now, the essence of the guidelines is that they deal with what is referred to as typical cases. This case certainly can not fall in the category of being typical.
I agree. The trial court properly set forth its reasons for deviating from the guidelines and correctly considered the number of burglaries committed and the danger involved in a residential burglary. The trial court was correct in rejecting the guidelines and defendant clearly deserved the sentences received. State v. Strother, 606 So.2d 891 (La.App.2d Cir.1992).
My disagreement with the majority is in its refusal to review this appeal. At the conclusion of sentencing, the defense attorney made the following statement.
Your Honor, at this time I would respectfully move the court to reconsider the sentence.
The trial court understood the grounds for the motion and stated:
The motion is denied, sir, for the reasons just discussed [i.e., why the court deviated from the guidelines].
The defense attorney then stated:
I understand. At this time, your honor, I would object to the sentence.
The grounds for the objection were clear to the trial court and district attorney. Compliance with Art. 881.1 was adequate under these circumstances, particularly when the trial court elected not to follow the guidelines.
A review of the record clearly demonstrates that the trial court did not abuse its wide discretion and that the sentences were appropriate.