614 So.2d 776 (1993)
STATE of Louisiana, Appellee,
v.
Ira Joe MIMS, Appellant.
No. 24,667-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Indigent Defender Bd. by Richard E. Hiller, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Howard M. Fish, Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before SEXTON, NORRIS and VICTORY, JJ.
PER CURIAM.
Defendant, Ira Joe Mims, a second felony offender under LSA-R.S. 15:529.1, appeals as excessive his sentence of 35 years hard labor for his purse snatching conviction. We affirm.
On January 12, 1985, the defendant attacked and stole the purse of a 70-year-old woman as she returned home from grocery shopping. The defendant was arrested two days later on an unrelated charge and the victim's credit card was found in the car he was driving. Five days after the incident, while the victim was still in the hospital, she gave a statement to the police and picked the defendant's picture from a photographic lineup.
After a trial by jury, defendant was convicted of purse snatching, a violation of LSA-R.S. 14:65.1 and second degree battery, a violation of LSA-R.S. 14:34.1. Based on prior convictions in 1978 for attempted simple burglary and attempted simple robbery, the defendant was adjudicated a third felony offender under LSA-R.S. 15:529.1. The defendant was sentenced to 35 years hard labor as a third felony offender for his purse snatching conviction and five years hard labor for his second degree battery conviction, with the sentences to run concurrently. On appeal to this court, his convictions and sentences *777 were affirmed in State v. Mims, 501 So.2d 962 (La.App. 2d Cir.1987).
Defendant then filed for post-conviction relief asserting that his 35-year sentence for purse snatching as a third felony offender was improper because the two predicate convictions in 1978 occurred on the same day. His application was denied by the trial court and also by this court in State v. Mims, 535 So.2d 1103 (La.App. 2d Cir.1988), writ granted, 577 So.2d 2 (La. 1991).
In State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992), the Louisiana Supreme Court set aside the defendant's adjudication as a third felony offender and remanded the case to the district court, ordering that the defendant be sentenced as a second offender.
On June 26, 1992, the defendant was resentenced as a second felony offender to 35 years hard labor for his purse snatching conviction. The trial court found that the defendant fell under Grid Cell 3C of the Felony Sentencing Guidelines. However, the trial court found the defendant's attack on the elderly victim was an aggravating circumstance which warranted the imposition of the same sentence as originally pronounced. The defendant objected to the sentence imposed and, pursuant to LSA-C.Cr.P. Art. 881.1, made an oral motion for reconsideration of the sentence asserting simply that the sentence was "excessive." The trial court denied the motion to reconsider. Defendant now appeals, alleging the trial court erred by imposing an excessive sentence of 35 years at hard labor.
LSA-C.Cr.P. Art. 881.1 provides in pertinent part:
Art. 881.1. Motion to reconsider sentence
....
A. (2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
....
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
[Emphasis added.]
LSA-C.Cr.P. Art. 881.1 has two purposes. First, by requiring a defendant to bring to the sentencing court's attention the specific grounds for any errors that may have occurred in sentencing, the trial judge has the opportunity to change or correct the sentence. Second, it gives the trial judge the flexibility to change a felony sentence after the defendant has begun to serve his sentence. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992).
When the motion for reconsideration is made, the defendant is required to indicate the specific grounds upon which the reconsideration is urged. It is insufficient to simply contend that a sentence is excessive. The defendant must assert the reason or reasons why the sentence is asserted to be excessive. LSA-C.Cr.P. Art. 881.1; State v. Brewster, 609 So.2d 1094 (La.App. 2d Cir.1992); State v. Barnes, supra. In other words, if the defendant's motion for reconsideration asserts the sentence is excessive, it must include a ground such as failure to consider a specific mitigating circumstance or the giving of too much weight to a certain aggravating circumstance.
In the instant case, the defendant failed to assert any specific basis for his contention that the sentence imposed was excessive. The defendant is therefore now precluded from raising any objection to the sentence. The defendant's sentence is therefore affirmed.
An error patent review discloses that the trial court improperly informed defendant that he had two years to apply for post-conviction relief. Under LSA-C.Cr.P. Art. 930.8, defendant has three years after the judgment of conviction and sentence have become final to apply for post-conviction relief. However, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds *778 to reverse this sentence or remand the case for resentencing.
The trial court is therefore directed to send written notice to defendant of the correct prescriptive period for post-conviction relief within ten (10) days of the rendition of this opinion and file written proof in the record that defendant received such notice.
AFFIRMED.