LINDSAY, Judge.
The defendant, Daisy Mae Lawson, was convicted of two counts of distribution of cocaine, in violation of LSA-R.S. 40:967. She was sentenced to imprisonment at hard labor for 25 years on each count! the sentences to be served concurrently. The defendant appeals. For the reasons assigned below, we affirm the defendant’s convictions and sentences.
FACTS
In June, 1990, the Metro Narcotics Unit sent an undercover officer to the Monroe residence of the defendant on two different occasions. On the first occasion, June 13, 1990, the agent purchased three rocks of crack cocaine from the defendant for $60.00. The following day, the agent positively identified the defendant in a photo line-up as the person who sold the cocaine.
On June 19, 1990, the same agent returned to the defendant’s residence and purchased eight rocks of cocaine from the defendant for $160.00. On June 20, 1990, the agent telephoned the defendant. During the course of their conversation, they discussed the drug transaction which occurred the previous day. The telephone conversation was recorded by the authorities.
The defendant was arrested and charged with two counts of distribution of cocaine, in violation of LSA-R.S. 40:967. After a bench trial, the defendant was convicted as charged.
A sentencing hearing was held on March 5, 1992. At this hearing, law enforcement officers testified that the defendant’s home was a “crack house.” They further testified that the defendant and several members of her family were involved in selling drugs as a “family business.” Numerous beatings and shootings at the defendant’s house were recounted, including one in which the defendant had been charged with aggravated battery for hitting a woman in the head with a hammer.
On March 9, 1992, the trial court sentenced the defendant to serve concurrent *791 terms of 25 years at hard labor on the two distribution charges. Although the defendant made an oral motion for reconsideration of the sentences, she stated no basis for the motion. The motion was denied.
The defendant appealed. The defendant alleged that her sentences are excessive. She also challenged the sufficiency of evidence.
EXCESSIVE SENTENCES
The defendant contends that the trial court erred by imposing unconstitutionally excessive sentences. However, this issue is not properly before the court for review.
At the time of the defendant’s sentencing in March, 1992, LSA-C.Cr.P. Art. 881.1 was in effect. That article provides, in pertinent part:
D. Failure ... to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. [Emphasis ours.]
At the conclusion of the defendant's sentencing, defense counsel made the following motion:
By Mr. Tew: Thank you, Your Honor. With respect we would object to the sentence and give the Court ... at this time I would make an oral motion for the Court to reconsider its sentences in this matter.
By The Court: That motion is denied, Mr. Tew.
In making the oral motion for reconsideration of the defendant’s sentences, defense counsel failed to state any grounds for the motion. Although defense counsel argued mitigating factors to the trial court prior to the imposition of sentence in an effort to obtain lenient sentences, LSA-C.Cr.P. Art. 881.1 requires that defense counsel also state his specific ground for seeking reconsideration of the sentence following its imposition.
As LSA-C.Cr.P. Art. 881.1 precludes the defendant from raising on appeal any ground not raised in the motion to reconsider, the defendant may not now object to her sentences as excessive. See and compare State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992); State v. Brewster, 609 So.2d 1094 (La.App. 2d Cir.1992).
Therefore, this assignment of error is not subject to review.
SUFFICIENCY OF EVIDENCE
The defendant also contends that the record contains insufficient evidence to support her convictions. Basically, she argues that the testimony of the police officers was insufficient to prove her guilt when she testified on her own behalf that she had never seen the undercover agent before.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Emerick, 499 So.2d 195 (La.App. 2d Cir.1986).
It is the function of the trier of fact, and not that of the appellate court, to assess the credibility of witnesses. State v. Holland, 544 So.2d 461 (La.App. 2d Cir. 1989), writ denied, 567 So.2d 93 (La.1990); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990). A reviewing court accords great deference to a trier of fact’s decision to accept or reject the testimony of a witness, in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
Where the trier of fact has made a rational credibility determination, an appellate court should not disturb that conclusion on review. State v. Mussall, 523 *792 So.2d 1305 (La.1988); State v. Lewis, 577 So.2d 799 (La.App. 2d Cir.1991), writ denied, 582 So.2d 1304 (La. 1991).
The state presented the testimony of the undercover agent concerning the purchase of the cocaine from the defendant on two separate occasions. This officer positively identified the defendant both in a photo line-up after the first transaction and in court. Two surveillance officers corroborated the undercover agent’s presence at the defendant’s house and established the chain of custody of the drugs purchased from the defendant. Laboratory analysis verified that the substances purchased from the defendant were indeed cocaine. Furthermore, the state presented a tape recording of the defendant’s conversation with the undercover agent in which the second drug transaction was discussed:
The only evidence contradicting the state’s case was the self-serving testimony of the defendant. The trial court obviously made a credibility determination and found the state’s witnesses more credible than the defendant.
Viewing the evidence in the light most favorable to the prosecution, we find that the state carried its burden of proving that the defendant distributed cocaine on two separate occasions.
This assignment of error is without merit.
CONCLUSION
The defendant’s convictions and sentences are affirmed.
AFFIRMED.