WILLIAMS, Judge.
Defendant, Tony Edward Boyd, was originally charged by bill of information with one count of simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2, one count of illegal possession of stolen things valued in excess of five hundred dollars, LSA-R.S. 14:69, and three counts of simple burglary, LSA-R.S. 14:62. Pursuant to a plea agreement, defendant pled guilty to one count of simple burglary. The state dismissed the other felony charges and agreed not to charge the defendant as a habitual offender. Subsequently, defendant was sentenced to serve six years at hard labor. He now appeals his sentence as excessive.
Defendant’s sentence was imposed on September 28, 1992. LSA-C.Cr.P. Art. 881.1 became effective January 31, 1992, and is applicable to defendant’s sentence. This article precludes the state or defendant from raising an objection to the sentence on appeal or review or from urging any grounds not previously raised in a motion to reconsider sentence.
During the sentencing proceeding, counsel for the defendant orally moved for reconsideration of the sentence. He urged that the sentence was excessive and would constitute cruel and unusual punishment under the United States and Louisiana Constitutions. However, a motion for reconsideration must contain specific grounds upon which that defendant is seeking to have the sentence reconsidered. LSA-C.Cr.P. Art. 881.1(D). State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992). It is in *572 sufficient under Article 881.1 for the defendant to merely conclude that the sentence is excessive. The defendant must assert a specific basis for his claim of excessiveness. Defendant’s failure to set forth specific grounds on which the motion for reconsideration was based precludes him from challenging his sentence on appeal. State v. Barnes, supra.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.