LINDSAY, Judge.
The defendant, Randy Pfeil, pled guilty to possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966(A)(1). He was sentenced to serve 10 years at hard labor. The defendant appeals his sentence as excessive. For the reasons assigned below, we affirm.
The defendant was driving a 1975 Pontiac on 1-20 in Webster Parish when he was stopped for speeding near Minden, Louisiana. A search of his car resulted in the seizure of 51 packages of marijuana, each of which weighed more than one pound. In total, more than 60 pounds of marijuana were discovered.
The defendant and his passenger were originally charged with possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966(A)(1), and possession of marijuana in a quantity of more than 60 pounds, in violation of LSA-R.S. 40:966(E)(1). Pursuant to a plea bargain, the defendant pled guilty to the charge of possession of marijuana with intent to distribute, and the other charge against him was dismissed.
Following the imposition of his 10-year hard labor sentence, the defendant filed a motion to reconsider sentence. The motion asserted only that the sentence was unconstitutionally excessive. The motion was denied.
The defendant appealed, contending that his sentence is excessive. However, LSA-C.Cr.P. Art. 881.1 precludes “the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion [to reconsider sentence] on appeal or review.” This article, applicable 30 days following the effective date of the new sentencing guidelines (January 1, 1992, per Louisiana Register 17:12), was in effect when the defendant was sentenced on September 4, 1992.
A motion for reconsideration must be filed within 30 days from the date of imposition of sentence (or within such longer period as the trial court may allow). This gives defense counsel an adequate opportunity to review the defendant’s background, criminal history, and family situation, the circumstances of the crime, the court’s reasons for sentence, and all other factors which the trial court may have considered in imposing the sentence, and then to timely prepare and file a motion for reconsideration.
Not only must a motion for reconsideration be timely filed with the trial court, but the motion must also contain a specific ground or grounds upon which the defendant is seeking to have the sentence reconsidered. It is insufficient to simply contend that a sentence is excessive. The defendant must assert the reason or reasons why the sentence is asserted to be excessive. State v. Mims, 614 So.2d 776 (La.App. 2d Cir.1993); State v. Boyd, 618 So.2d 571 (La.App. 2d Cir.1993); LSA-C.Cr.P. Art. 881.1(D).
*613 The motion m the instant ease presented the trial court with no specific ground for reconsideration of the defendant’s sentence. A pro forma motion for reconsideration merely contending unconstitutional excessiveness presents nothing for review, since LSA-C.Cr.P. Art. 881.1 specifically provides that the grounds for any claim, including excessiveness, must be set forth in the motion for reconsideration presented to the sentencing judge. If the article is followed, the specific grounds for all claims, including unconstitutional exces-siveness, will be first brought to the attention of the trial court so it may reconsider the sentence after reviewing the grounds stated. If the trial court is given the opportunity to reconsider the sentence after its imposition, it may ultimately agree that the sentence is incorrect.
The statutory scheme further provides that failure to file a motion, or failure to set forth in the motion the grounds for the claims, including a claim of excessiveness, precludes the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Consequently, the present defendant’s failure to state or file a motion for reconsideration setting forth the specific grounds on which the motion was based precludes him from now raising an objection to his sentence. LSA-C.Cr.P. Art. 881.1(A)(2) and (D).
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.