PER CURIAM.
Originally charged with both solicitation and conspiracy to commit second degree murder, LSA-R.S. 14:28.1, 14:26, and 14:30.1, defendants, David and Sharon Tatum, pled guilty to only the latter offense pursuant to an agreement with the state. After considering pre-sentence investigation reports, the trial court imposed hard labor imprisonment terms of 30 years for the husband and 20 years for the wife. On appeal, both sentences are challenged as excessive. Due to defendants’ failure to comply with LSA-C.Cr.P. Art. 881.1, however, the claims are neither properly before us nor subject to review.
Between January 12 and 17, 1992, defendants began making plans to have Jackie Takewell murdered. According to the appellate briefs, David Tatum and the intended victim, his ex-girlfriend, had been embroiled in a heated dispute over custody of a child produced from their earlier relationship. Apparently not satisfied with the slow progress of the civil proceedings, the Tatums eventually decided to take matters into their own hands and have Takewell killed. After the pair contacted a “hit man,” actually a police undercover agent, and supplied him with $1000 and a sawed-off shotgun, warrants issued for their arrest.
In that both sentencings transpired on October 7, 1992, LSA-C.Cr.P. Art. 881.1 governs the instant complaints. This statute precludes the state or a defendant from urging, on appeal, any ground or objection to the sentence not previously raised in a motion to reconsider. Not only does LSA-C.Cr.P. Art. 881.1 require that the request for reconsideration either be made orally at the time of trial or be filed within thirty days of sentencing, but also it mandates that such a motion be based upon specific grounds. LSA-C.Cr.P. Art. 881.1; State v. Brewster, 609 So.2d 1094 (La.App.2d Cir.1992); State v. Barnes, 607 So.2d 872 (La.App.2d Cir.1992).
Although defendants timely filed motions to reconsider, those pleadings lack the requisite particularity, merely moving the court
to reconsider the sentence[s] ... based on the fact that the sentence[s were] harsh, cruel, excessive and unusual and in violation of the constitutional rights guaranteed to the defendant[s] by the United States and Louisiana Constitutions.
Such conelusory allegations of excessiveness do not rise to the level of specificity anticipated by the statute. Instead, a defendant must assert the specific reason or reasons why the sentence is said to be excessive. State v. Mims, 614 So.2d 776 (La.App.2d Cir.1993).
Hence, failing to comply with the provisions of LSA-C.Cr.P. Art. 881.1, the Ta-tums are now barred from challenging their terms of imprisonment. Accordingly, the convictions and sentences are affirmed.
AFFIRMED.