621 So.2d 51 (1993)
STATE of Louisiana, Appellee,
v.
James M. DYER, Appellant.
No. 24826-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
*52 Herman L. Lawson, Mansfield, for appellant.
Richard Ieyoub, Atty. Gen., William R. Jones, Dist. Atty., Robert E. Bethard, Asst. Dist. Atty., for appellee.
Before MARVIN, HIGHTOWER and BROWN, JJ.
HIGHTOWER, Judge.
In response to an indictment charging defendant with aggravated rape, LSA-R.S. 14:42, the district judge found James Dyer guilty of forcible rape, LSA-R.S. 14:42.1. After reviewing the accused's criminal record and considering the circumstances of the case, the court imposed a sentence of forty years at hard labor. Defendant now appeals, assigning several errors. For the reasons subsequently expressed, we affirm both the conviction and sentence.

FACTS
At about 11:00 a.m., on October 10, 1991, after spending an hour or more in the yard, D.T. reentered her home and went into the bedroom for a pack of cigarettes. There, a strange man grabbed the young woman from behind and began choking her with a shirt. Threatening physical harm if she refused to cooperate, the assailant then raped her and left the residence. For a short time following the attack, D.T. awaited the previously-planned arrival of her grandmother, to whom she recounted the ordeal. The pair soon reported the incident to the police, and received instructions to go to the hospital for treatment and evidence retrieval. Based on a description provided by the victim, officers quickly apprehended Dyer. After D.T. observed and identified him outside the medical facility, authorities instituted arrest and prosecution.

DISCUSSION

Identification
Both before and during trial, defendant moved to suppress evidence of his outside-the-hospital identification by the victim, as well as any corresponding in-court designation by her. Finding the challenged process not to be impermissibly suggestive, the trial judge denied Dyer's motions. Those rulings, in turn, are assailed in the first assignment of error.
Reliability, as shown by the totality of the circumstances, is the linchpin when deciding admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). In attempting to suppress pretrial identification, a defendant must first show a suggestive identification procedure and, secondly, demonstrate the likelihood of misidentification by the eyewitness. Thus, even in cases of a suggestive out-of-court procedure, the identification will be admissible if found to be reliable under the total circumstances. Manson, supra; State v. Guillot, 353 So.2d 1005 (La.1977); State v. Tucker, 591 So.2d 1208 (La.App.2d Cir. 1991), writ denied, 594 So.2d 1317 (La. 1992); State v. Mims, 501 So.2d 962 (La. App.2d Cir.1987).
Here, at the request of the police department, D.T. and her grandmother accompanied Officer Scotty Hill to the hospital for the gathering of physical evidence. While awaiting arrival of the doctor, the trio stepped outside to the emergency room driveway to discuss privately the nature of the impendent medical procedures. At some point, Hill learned via radio that members of the sheriff's department had taken into custody an individual fitting the provided description, and would shortly arrive at the hospital. The police officer, however, did not share this information with the women. Nor, according to his later testimony, did he plan a one-on-one identification situation or know that the victim would see the defendant. Neither did the deputies attempt to make Dyer appear as if he had been arrested; he rode in the front seat of their automobile and did not wear handcuffs. Nonetheless, the victim observed Dyer soon after he stepped from the vehicle, some forty feet away, and immediately designated him as the rapist. *53 None of the officers called her attention to the defendant or asked for an effort at identification.
The procedure by which a victim views an individual suspect singularly is not favored, State v. Colvin, 494 So.2d 1357 (La.App.2d Cir.1986), writ denied, 497 So.2d 311 (La.1986); State v. Evans, 485 So.2d 161 (La.App.2d Cir.1986), writ denied, 488 So.2d 687 (La.1986), but neither are one-on-one identifications automatically suppressed. In the instant case, as indicated by testimony at the motion to suppress, the deputies transported Dyer to the hospital primarily to allow him to speak with Officer Hill. The eventual encounter with the victim proved to be brief and apparently inadvertent. As shown by the record, D.T. instantaneously provided a quite positive identification of her malefactor. Under these circumstances, we agree with the trial court determination that the out-of-court identification is admissible. Cf. State v. Loyd, 425 So.2d 710 (La.1982).
Even if we assume that the hospital meeting represented a suggestive process, that consideration is nonetheless substantially outweighed by the reliability of the identification. Several factors are evaluated in resolving the reliability versus suggestiveness issue. These include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. Manson, supra. See also State v. Martin, 595 So.2d 592 (La.1992); State v. Tucker, supra.
D.T. testified that the episode occurred during daylight hours and lasted approximately thirty minutes, affording her ample opportunity to observe the offender's appearance. During that entire time she kept her eyes open and remained attentive. At the police station, she detailed the assailant's clothing and reported him to be a white male in his late 20's or early 30's, weighing approximately 180 pounds, standing five feet eight inches, and having dark brown hair. With this description, law enforcement personnel quickly detained Dyer. Very importantly, during the actual hospital confrontation only about two hours after the rape, she showed no hesitancy in her identification which occurred without prompting from the officers.
Thus, applying the previously enumerated Manson standards, the record demonstrates a highly reliable out-of-court identification by the victim. Obviously, then, that procedure did not taint her later in-court testimony concerning the assailant's identity. This assignment of error lacks merit.

Sentence
In his next three assignments of error, defendant argues that the trial court failed to apply the new sentencing guidelines properly, imposed an excessive term of imprisonment, and also failed to state the factual basis for the award of punishment. Inasmuch as the sentencing transpired in mid-1992, LSA-C.Cr.P. Art. 881.1 governs the instant complaint. See Louisiana Register 17:12. That article precludes the state or the defendant from urging, on appeal, any ground or objection to the sentence not previously raised in a motion to reconsider. Specific grounds shall be set forth in the motion, which must be presented timely, either orally or in writing. LSA-C.Cr.P. Art. 881.1; State v. Brewster, 609 So.2d 1094 (La.App.2d Cir.1992); State v. Barnes, 607 So.2d 872 (La.App.2d Cir. 1992).
Although defendant orally moved the court to reconsider, that request lacked the requisite particularity. After noting his intent to appeal the sentence, defense counsel stated:
Also, we object to the sentence, I think I have to do that in order to question that at some point. I would object to the sentence and ask the Court to reconsider the length of the sentence, that it is being excessive at this time.
To simply contend that a sentence is excessive does not comply with the mandates of Art. 881.1. Instead, a defendant must assert *54 the specific reason or reasons why the sentence is said to be excessive. State v. Mims, 614 So.2d 776 (La.App.2d Cir.1993); State v. Brooks, 614 So.2d 788, 789 n. 1 (La.App.2d Cir.1993).
Hence, failing to abide by LSA-C.Cr.P. Art. 881.1, Dyer is now barred from challenging his sentence on any of the grounds urged on appeal.

Abandoned Argument
In his initial listing of errors, Dyer also disputed the sufficiency of the evidence to support the conviction. His appellate brief, however, does not address this contention. Assignments of error neither briefed nor argued are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App.2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990).

Errors Patent
Finally, we have reviewed the record for errors patent. LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the record shows that the court did not so inform Dyer, this apparent oversight has no bearing on whether the sentence is excessive, and thus is not grounds for reversal. LSA-C.Cr.P. Art. 921. Inasmuch as the required notice is designed to apprise the defendant in advance concerning the elapsing of the statutory time limitation, the district court is hereby directed to send appropriate written notice to Dyer within ten days of the rendition of this opinion and then file, in the record, written proof that defendant received such notice.

CONCLUSION
Accordingly, for the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
BROWN, J., concurs.