WILLIAMS, Judge.
Defendant, Ben F. Jackson, Jr., was charged by bill of information with aggravated battery, a violation of LSA-R.S. 14:34. Pursuant to a plea bargain, he entered a plea of guilty to the reduced charge of second degree battery, a violation of LSA-R.S. 14.34.1. The trial court accepted the plea of guilty and ordered a presen-tence investigation report. Subsequently, defendant was sentenced to serve three years at hard labor. He was also ordered to pay a fine in the amount of five hundred dollars and court costs in the amount of two hundred ten dollars. In default of payment of the fine and court costs, defendant was ordered to serve an additional six months in jail. Defendant appeals his sentence as excessive. We affirm.
Defendant’s sentence was imposed on September 4, 1992. LSA-C.Cr.P. Art. 881.1 became effective January 31, 1992, and is applicable to the defendant’s sentence. This article precludes the state or defendant from raising an objection to the sentence on appeal or review or from urging any grounds not previously raised in a motion to reconsider sentence.
After sentence was pronounced, defense counsel timely filed a motion for reconsideration of sentence, stating the sentence imposed was unconstitutionally excessive. However, a motion for reconsideration must contain specific grounds upon which the defendant is seeking to have the sentence reconsidered. LSA-C.Cr.P. Art. 881.-1(D). State v. Boyd, 618 So.2d 571 (La.App. 2d Cir.1993); State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992). It is insufficient under Article 881.1 for the defendant to merely conclude that the sentence is excessive. The defendant must assert a specific basis for his claim of excessiveness. Defendant’s failure to set forth specific grounds on which the motion for reconsideration was based precludes him from challenging his sentence on appeal. State v. Boyd, supra; State v. Barnes, supra.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. An error patent review discloses that the trial court did not inform defendant of this prescriptive period. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resen-tencing. LSA-C.Cr.P. Art. 921. The district court is directed to give the defendant written notice of the prescriptive period for applying for post-conviction relief within ten days of the rendition of this opinion and to file proof of the defendant’s receipt of such notice in the record of the proceeding.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.