639 So.2d 1231 (1994)
STATE of Louisiana
v.
William A. KING, III.
No. 93-KA-2146.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1994.
*1232 Charles M. Stevenson, Covington, for appellant.
John F. Rowley, Dist. Atty., Glenn E. Diaz, Walker H. Drake, Jr., Asst. Dist. Attys., Chalmette, for appellee.
Before BARRY, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
William A. King appeals his guilty plea and sentence for simple burglary of an inhabited dwelling. We affirm.
The defendant, William A. King, III, was charged by with the simple burglary of an inhabited dwelling, as well as one count of receiving stolen goods, two counts of receiving stolen things valued over $500, one count of accessory after the fact, one count of accessory after the fact to simple burglary, and one count of simple burglary of an inhabited dwelling. The bill of information filed against the defendant alleged that on January 10, 1993, the defendant committed simple burglary of the residence at 17 Joann Court, *1233 Violet, Louisiana, which was inhabited by Salvador Charles. During the Boykin hearing on July 13, 1993, the defendant admitted to committing the burglary. At his arraignment on April 26, 1993, the defendant entered a plea of not guilty. On the morning of trial, July 13, 1993, the defendant withdrew his not guilty plea and entered a plea of guilty of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. The defendant waived all delays and was sentenced to serve five years at hard labor without benefit of parole or probation, with credit for time served.[1]
On August 13, 1993 defendant filed motions to withdraw his guilty plea and to reconsider sentence. On September 13, 1993, the trial court denied both motions without conducting an evidentiary hearing. Thereafter, the trial court granted the defendant's appeal.
In his first assignment of error the defendant argues that trial court erred in denying his motion to withdraw his guilty plea. The defendant did not seek to withdraw his guilty plea until after the trial court imposed sentence. Defendant's motion was filed on August 13, 1993, one month after his sentencing hearing.
LSA-C.Cr.P. art. 559 provides in pertinent part that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." However, the Louisiana Supreme Court in State v. Lewis, 421 So.2d 224 (La.1982), concluded that a trial court may permit the withdrawal of a guilty plea after sentencing when the trial court finds that the guilty plea was not entered freely and voluntarily or that the Boykin colloquy was inadequate and therefore that the plea is constitutionally infirm. The withdrawal of a guilty plea is within the discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981).
For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 255 So.2d 85 (La.1971). However, the entry of a knowing and intelligent plea of guilty involves more than an understanding and a waiver of the basic triad of rights. In determining whether the defendant's plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but may also look at other factors which may have a bearing on the decision. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Galliano, 396 So.2d 1288 (La.1981).
In addition to the basic three rights enunciated in Boykin, supra, in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to which he pleads guilty. State ex rel. Curry v. Guillory, 441 So.2d 204 (La. 1983).
Defendant argues that the colloquy between himself and the trial judge reveals that the guilty plea was not entered freely and voluntarily. Defendant contends that he was confused and ultimately pled guilty because of the banter between himself and the trial judge. However, the hearing transcript reveals that the defendant was not confused. It was apparent that while he admitted to the crime, he did not want to "pay the price." When the trial judge suggested that if defendant did not want to plea guilty, he could go to trial on the charge. The defendant replied "I don't want no jury."
Defendant further contends that the stipulation by counsel as to the factual basis of the case was not sufficient for the trial court to conclude that there were a factual basis for *1234 acceptance of the guilty plea. The trial judge conducted the preliminary hearing and heard the facts of the case. Knowing the facts of the case, the trial judge was within his discretion in determining that there was a factual basis for the acceptance of the plea.
A review of the Boykin and sentencing transcript reveals that the trial court advised the defendant of his right to a jury trial, his right to confront his accusers, his right to remain silent, the substance of the charge against him, and the range of sentences for the offense of simple burglary of an inhabited dwelling. In addition, the defendant responded in the negative when asked by the trial court if he was coerced or had been promised anything to plead guilty. Defendant acknowledged that his plea was voluntary and admitted to committing the burglary. The state and defense counsel stipulated that the pleadings, police report and evidence on file would be the factual basis of the state's case. Further, the trial court noted that he conducted the preliminary hearing and therefore knew the facts of the case. The trial court then concluded that there was a factual basis to accept the plea.
The trial court's examination of the defendant was thorough. The defendant was advised of all of his rights and acknowledged that he understood those rights. Defendant admitted that the plea was made voluntarily and without any threats, coercion or promises. There is no basis in the record to conclude that the trial court abused its discretion in refusing to allow the defendant to withdraw his guilty plea.
In his second assignment of error, the defendant argues that the trial court erred in denying his motion to reconsider sentence. Defendant alleged in his motion to reconsider that: (1) the sentence was excessive; (2) the sentence was not particularized for the defendant as there was no presentence investigation; (3) the court did not order or consider the sentencing guidelines; (4) the court did not take into account any aggravating or mitigating circumstances; (5) the court did not state the considerations taken into account in sentencing; and (6) there was no factual basis given for the sentence imposed.
In sentencing the defendant, the trial court stated:
Mr. King, in reviewing your record and in reviewing the sentencing guidelines as provided by the State of Louisiana through the Louisiana Legislature, Court finds the type of crime that you've engaged in are ones that we don't tolerateat least this Court doesn't tolerateand Court feels that there's no other punishment other than incarceration for these types of crimes. Therefore, the Court, in matter 156-801, is going to sentence you to serve five years at hard labor, without benefit or parole or probation. That means you do day for day for five years.
In referring to "these types of crimes," the trial court may have been referring to the charges that were being dismissed upon the defendant's plea of guilty to simple burglary of an inhabited dwelling in the present case. The minute entry from the sentencing hearing indicates that, in addition to the charge to which he pled guilty, the defendant had been charged with one count of receiving stolen goods, two counts of receiving stolen things valued over $500, one count of accessory after the fact, one count of accessory after the fact to simple burglary, and one count of simple burglary of an inhabited dwelling. However, the trial judge could also have meant burglaries in general. The transcript is not clear.
The defendant was sentenced on July 13, 1993, well after the effective date of the new sentencing guidelines enacted by the Louisiana Legislature. Under the guidelines, the sentencing range for defendant's conviction for simple burglary of an inhabited dwelling is twenty-four to forty-eight months. The defendant falls within the 3(G) grid classification as the record is devoid of any information on whether the defendant had any prior convictions. Thus, defendant's sentence of five years is a deviation from the range mandated by the guidelines.
The Louisiana Supreme Court stated in State v. Smith, 629 So.2d 333, 337 (La. 1993)[2] that:

*1235 Although a trial court retains the discretion to deviate from the Guidelines, even grossly, where the record supports such a deviation, the court must specify for the record the mitigating or aggravating circumstances which justify the departure. La.Admin.Code tit. 22 § 209(A)(5) (West 1993). Further, the Guidelines list factors which are considered to be either aggravating or mitigating circumstances. Id. at § 209(B) & (C). Both lists contain an omnibus factor which provides the trial court with an even greater discretion from the Guidelines when an atypical case arises for which the aggravating or mitigating considerations do not fall into one of the listed factors.
In deference to the sentencing judge's wide discretion, a reviewing court should look not only to the guidelines but also to the factual findings upon which the punishment is based; in listing aggravating and mitigating circumstances, the felony sentencing guidelines specifically avoid mandating the weight to be applied to each factor. State v. Anderson, 631 So.2d 80 (La.App. 2 Cir.1994). An aggravating circumstance that may be considered in deviating from the guidelines is whether "the offender was persistently involved in similar offenses not already considered as criminal history or as part of a multiple offender adjudication." La.Admin. Code tit. 22 § 209(B)(12).
The reference by the trial court to the other charges against the defendant reveals that the sentence was particularized as to the defendant. In addition, the trial court's statements reveal that it considered the sentencing guidelines and stated for the record the aggravating circumstance considered in sentencing the defendant.
The defendant further contends that the trial court erred in failing to order a presentence investigation. Under Code of Criminal Procedure article 875(A)(1), "[i]f a defendant is convicted of a felony offense or a misdemeanor offense that has been reduced from a felony, the court may order the Department of Public Safety and Corrections, division of probation and parole, to make a presentence investigation." Jurisprudence interpreting this statute provides that the ordering of a presentence investigation is not within the rights of a defendant but rather is within the discretion of the trial court. State v. Bell, 377 So.2d 275 (La.1979). In State v. Davis, 596 So.2d 358 (La.App. 4th Cir.), writ denied 604 So.2d 965 (La.1992), and in State v. Berryhill, 562 So.2d 1105 (La.App. 4th Cir.1990), this court found that the trial court did not abuse its discretion by refusing to grant a defense request for a presentence investigation where the request was made on the day of sentencing. In the present case, there is no indication that defense counsel requested that the trial court to order a presentence investigation. The trial court did not abuse its discretion in failing to order a presentence investigation.
A review of the record for errors patent reveals that the trial court erred in sentencing the defendant to serve five years at hard labor without benefit of probation or parole. LSA-R.S. 14:62.2 provides that anyone convicted of simple burglary of an inhabited dwelling shall be "imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years." The Louisiana Supreme Court has construed the ineligibility for parole, probation or suspension of sentence provision within this statute to attach only to the statute's minimum one year term. State v. Boowell, 406 So.2d 213 (La.1981); State v. Conley, 411 So.2d 448 (La.1982).
However, LSA-C.Cr.P. art. 881.1(D) provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review (emphasis added).
In State v. Washington, 621 So.2d 114 (La. App.2d Cir.), writ denied, 626 So.2d 1177 (La.1993), the appellate court held that the prosecution failed to properly preserve for appeal the issue of the trial court's failure to *1236 impose a mandatory fine and to order that the sentence be served without parole, probation or suspension of sentence. See also State v. Tatum, 618 So.2d 1164 (La.App.2d Cir.1993). Just as the reviewing court cannot review the issue where the state fails to specifically raise the particularized issue in an objection at sentencing or on a motion to reconsider sentence, the reviewing court is precluded from reviewing the issue where the defendant fails to raise the particularized issue with respect to a sentence being served with parole, probation or suspension of sentence. In the present case, this court is precluded from reviewing the sentence because the defendant did not raise the specific particularized ground that the sentence was excessive in that the sentence should have provided that only one year is to be served without benefit of parole or probation.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
PLOTKIN, J., concurs in part and dissents in part.
PLOTKIN, Judge, concurring in part and dissenting in part.
I concur with the majority's holding that the defendant's guilty plea is valid and may not be withdrawn under the circumstances of this case.
I dissent with regard to the second assignment of error, related to defendant's sentence. The trial judge failed to specify the aggravating circumstances which justify a departure from the sentencing guidelines. State v. Smith, 629 So.2d 333 (La.1993).
I further dissent on the basis of error patient with reference to defendant's sentence. As the majority acknowledges, the trial court erred in sentencing the defendant to serve five years at hard labor without benefit of probation or parole. This violates LSA R.S. 14:62.2. The majority's justification for this violation namely that the defendant failed to raise this issue on appeal is insufficient to overcome the error patent.
Accordingly, I would affirm the conviction and reverse and remand for resentencing.
NOTES
[1] The docket master and minute entries of July 13, 1993 indicate that the defendant's sentence was to be served without benefit of parole, probation or suspension of sentence. However, the transcript of defendant's guilty plea and sentencing reveals that the trial judge stated that the defendant's sentence was to be served without benefit of parole or probation. When there is a conflict between a minute entry and the sentencing transcript, the transcript controls. State v. Jones, 557 So.2d 352 (La.App. 4th Cir. 1990).
[2] The Louisiana Supreme Court granted rehearing in State v. Smith on March 10, 1994.