J2ON REHEARING
In his application for rehearing, defendant requests that we reconsider our affirmation of the trial court’s sentence, 634 So.2d 992. For the reasons that follow, we find the defendant did not preserve his right to have the sentence reviewed; therefore we deny his motion for rehearing.
LSA-C.Cr.P. Art. 881.1 provides in part:
“D. Failure to make or file a motion to reconsider or to include a specific ground upon which a motion to reconsider may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.”
In defendant’s motion to reconsider filed before the trial court, defendant contended:
“The sentence imposed on this defendant is clearly excessive and should be reconsidered by this Honorable Court excluding the aggravating circumstance of a conviction which occurred more than forty years prior to the entry of the plea of guilty in the above styled proceedings.”
In his motion for rehearing, defendant bases his complaint on the same grounds as set forth above. However, while the trial court’s reasons for sentencing named several aggravating circumstances, the prior conviction was not one of them. Of the four aggravating circumstances listed by the trial court, defendant’s motion for reconsideration failed to mention one. As the Second Circuit I «recently found:
“It is insufficient to simply contend that a sentence is excessive. The defendant must assert the reason or reasons why the sentence is excessive. In other words, if the defendant’s motion for reconsideration asserts the sentence is excessive, it must include a ground such as failure to consider a specific mitigating circumstance or the giving of too much weight to a certain aggravating circumstance.” State v. Mims, 614 So.2d 776 (La.App. 2nd Cir.1993). (Citations omitted).
Defendant’s only specific complaint in his motion for reconsideration of sentencing was that the trial court gave too much weight to the prior conviction. Since this was not an aggravating circumstance listed by the trial court, this contention was without merit. Defendant assert no other specific grounds in his motion for reconsideration.
Motion for rehearing is denied.