729 So.2d 1141 (1999)
STATE of Louisiana
v.
Theresa MORRIS.
No. 98-K-2684.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1999.
Harry F. Connick, District Attorney, Eli Nelson, Assistant District Attorney, Norman Comeaux, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana for Plaintiff/Relator.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge MIRIAM G. WALTZER.
ARMSTRONG, Judge.
We grant the State's application for supervisory writs to consider the correctness of a trial court ruling granting the defendant Theresa Morris' motion to withdraw the guilty plea. For the following reasons, we affirm the ruling of the trial court.
On November 25, 1996, the defendant was charged with one count of distribution of marijuana, a charge to which she originally pled not guilty. However, on July 1, 1998, she withdrew this plea and pled guilty as charged. The court reset sentencing, and on September 18, 1998, new counsel filed a motion to withdraw the guilty plea. A hearing was held on this motion on September 21, 1998 and at that time the court noted it was not going to rule on the motion until after sentencing. Sentencing was reset to September 22, 1998 when the defendant reurged the motion. Again, the court deferred ruling on the motion, and it sentenced the defendant to serve ten years at hard labor as per the plea bargain agreement. On October 2, 1998 the court again considered the motion to withdraw the guilty plea, and on October 6th the court granted the motion and set a trial date of December 2, 1998. The State sought relief in this court in mid-November 1998, and at that time this court stayed the trial pending resolution of this matter. In compliance with orders from this court, the State has supplemented its application with the transcripts of the September 21, September 22, and October 2, 1998 hearings, and the trial court filed a per curiam.
In its application, the State argues that the trial court should not have allowed the defendant to withdraw her guilty plea because she *1142 had already been sentenced. A reading of the supplemental transcripts reveals the defendant filed the motion to withdraw the guilty plea prior to sentencing and repeatedly attempted to have the court rule on the motion prior to sentencing. However, the court refused to do so, noting the plea was taken many months prior to the hearings. It is equally clear that the trial court did not grant the motion based upon the reason set forth in the motion to withdraw, that the plea was not knowingly given because there was an actual conflict between her interests and those of her codefendant, who was also represented by the defendant's counsel at the time the defendant pled guilty. Instead, the per curiam and the transcripts indicate the trial court granted the motion based upon the defendant's showing that the court failed to advise her of her right to conflict-free counsel, as set forth in La.C.Cr.P. art. 517.
The standard of review in determining whether a trial court erred in its ruling on a motion to withdraw a guilty plea, filed and ruled upon prior to sentencing, is whether the trial court's discretion is abused or arbitrarily exercised. See State v. Pichon, 96-0886 (La.App. 4 Cir. 11/20/96), 684 So.2d 501.[1] Although La.C.Cr.P. art. 559 authorizes the trial court to grant a motion to withdraw only prior to sentencing, this authority has been extended in a limited fashion to cases where the motion is filed after sentencing. In those cases, a trial court is authorized to allow a defendant to withdraw his guilty plea if it finds the plea was not freely or voluntarily entered or that the plea is unconstitutionally infirm. See State v. Lewis, 421 So.2d 224 (La.1982); State v. Smith, 406 So.2d 1314 (La.1981); State v. King, 93-2146 (La.App. 4 Cir. 6/30/94), 639 So.2d 1231.[2]
In the instant case, the motion was filed prior to sentencing, but over defense objection the trial court refused to rule until after sentencing. In light of these facts, we find the "pre-sentence" abuse of discretion standard applies. Indeed, the defendant should not be penalized, in that a stricter standard would be required to grant her motion, simply because the trial court refused to rule on the motion prior to sentencing.
Under an abuse of discretion standard, we uphold the trial court's ruling. As noted in the court's per curiam, La.C.Cr.P. art. 517 mandates that jointly-represented defendants be advised of their rights to conflict-free representation. Art. 517 provides:
A. Whenever two or more defendants have been jointly charged in a single indictment or have moved to consolidate their indictments for a joint trial, and are represented by the same retained or appointed counsel or by retained or appointed counsel who are associated in the practice of law, the court shall inquire with respect to such joint representation and shall advise each defendant on the record of his right to separate representation.
B. Unless it appears that there is good cause to believe that no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.
In the present case, defense counsel submitted affidavits from prior counsel and from the court's own court reporters that the court failed to advise the defendant of her right to conflict-free counsel prior to accepting her plea of guilty. Given the court's failure to comply with the mandates of art. 517, we find that the trial court did not abuse its discretion by finding such failure rendered the plea involuntary.
Even if we were to employ the stricter standard used to determine if a plea should be set aside where the motion to do so is filed after sentencing, it still appears the trial court did not err. The court stated that by failing to advise the defendant of her right to conflict-free counsel, it could not find that her plea was knowingly given, which is a basis for granting a motion to withdraw a guilty plea which is filed after sentencing. Thus, it appears the trial court did not err even if the stricter standard is employed.

*1143 CONCLUSION

Because the defendant filed her motion to withdraw her guilty plea prior to sentencing and objected to the imposition of sentence prior to the ruling on the motion, we should not "penalize" her by employing a stricter standard of review of the trial court's ruling. The facts of the case indicate the trial court did not abuse its discretion by granting the motion. Accordingly, we grant the application for supervisory writs, and affirm the ruling of the trial court.
WRIT GRANTED; AFFIRMED.
NOTES
[1] Writ den. 97-0520 (La.9/5/97), 700 So.2d 504.
[2] Overruled on other grounds, State v. Green, 93-1432 (La.App. 4 Cir. 4/17/96), 673 So.2d 262.