600 So.2d 756 (1992)
STATE of Louisiana, Appellee,
v.
Willie Calvin SCOTT, Jr., Appellant.
No. 23820-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
Rehearing Denied June 18, 1992.
*757 Richard J. Gallot, Jr., Ruston, for appellant.
Robert W. Levy, Dist. Atty., John F.K. Belton, Asst. Dist. Atty., Ruston, for appellee.
Before MARVIN, BROWN and STEWART, JJ.
STEWART, Judge.
Defendant, Willie Calvin Scott, Jr., was charged by bill of information with possession of stolen things, in violation of LSA-R.S. 14:69. Scott pled guilty to middle grade possession of stolen things and was subsequently sentenced to serve two years at hard labor, payment of court costs, and in default of payment of court costs, he will serve 60 days concurrent with the two-year sentence, one and one-half years is to be served concurrent with the remaining time on a prior conviction and six months of the two-year sentence is to be served consecutively.
*758 Scott appeals his sentence arguing that: (1) it is excessive; (2) the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1; (3) the trial court failed to impose sentence as agreed to in the plea agreement; (4) the trial court abused its discretion in imposing the maximum sentence; and (5) the trial court abused its discretion in failing to consider the best interest of the public and the defendant in not imposing a lighter sentence as promised in the plea agreement.
In addition to Scott's formal assignments of error, he contends the trial court erred by denying his motion to withdraw his guilty plea. We affirm.

FACTS
On January 25, 1991, a burglary occurred at Arcadia High School. The items that were stolen included a television set, a videotape recorder, and a sewing machine.
On January 30, 1991, Scott entered a used appliance store and offered to sell a television, a videotape recorder, and a sewing machine for $65. The dealer became suspicious and notified the police. The police arrived and arrested Scott for possession of stolen property. Scott denied any involvement in the burglary but did acknowledge that he knew the items had been taken in the burglary.
On June 26, 1991, pursuant to a plea agreement, Scott plead guilty to middle grade possession of stolen things. The court ordered a pre-sentence investigation report (PSI) and sentenced Scott on September 11, 1991.

MOTION TO WITHDRAW GUILTY PLEA
On August 29, 1991, Scott filed a motion to withdraw his former plea of guilty because he claimed his attorney "tricked" him into pleading guilty. Scott said he had not intended to plead guilty to a felony because of how that would affect his parole status. The trial court obtained the transcript of the guilty plea colloquy and pointed out that Scott was told his parole would be revoked as a result of this guilty plea and that he would have six years to serve on the prior sentence. Scott said that was his desire and he wished to plead guilty and he had discussed the plea and his constitutional rights with his attorney and understood those rights. The trial court told Scott "this is a felony" and that "a felony is any offense for which you could be sent to the penitentiary," and that he could be sentenced to imprisonment for not more than two years. In each instance, Scott said he understood and he persisted in his desire to enter a plea of guilty. On September 11, 1991, Scott's motion to withdraw his guilty plea was denied and he was sentenced.
Withdrawal of a plea of guilty is discretionary with the trial court pursuant to LSA-C.Cr.P. Art. 559. We find no basis in the record on appeal from which to conclude that the trial judge abused his discretion in refusing to allow Scott's guilty plea to be withdrawn. State v. Boatright, 406 So.2d 163 (La.1981). We affirm the conviction.

DISCUSSION

Assignments of Error Nos. 1, 2, 4 and 5
Scott maintains that his sentence should be reduced because it is excessive and the trial court failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. Scott also contends that the trial court abused its discretion in imposing the maximum penalty and failing to consider the best interest of the public and the defendant in not imposing a lighter sentence.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); *759 State v. Richardson, 545 So.2d 714 (La. App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Mims, 550 So.2d 760 (La. App. 2d Cir.1989); State v. Hudgins, supra.
In the instant case, the trial court noted that Scott was 41 years old and was classified as a third felony offender and that he had an extensive prior criminal record which dated back to 1971. The court concluded that Scott would likely commit another offense based on his prior criminal record, the number of prior offenses, and the fact that some of those prior offenses were similar to the instant offense. The court also concluded that Scott was in need of a custodial environment and correctional treatment which could be best afforded by commitment to an institution.
In imposing sentence, the trial court ordered and reviewed the PSI. The PSI indicates that the defendant is single but has four children. The record does not indicate if the children rely upon Scott for support. The record does indicate that Scott completed the ninth grade of high school and worked as a laborer from July 1990 until January 1991.
Our review of the record indicates that the trial court adequately complied with LSA-C.Cr.P. Art. 894.1 and the sentence imposed is not constitutionally excessive. Scott's criminal record consists largely of property crimes including felony convictions for theft and simple burglary. Scott was on parole at the time of the commission of the instant offense. Moreover, he significantly benefited from the plea bargain which reduced his exposure from ten years at hard labor to two years at hard labor. The maximum punishment for middle grade possession of stolen things is imprisonment with or without hard labor for not more than two years and a fine not to exceed $2,000. Scott was sentenced to the maximum jail term of two years but without the $2,000 fine.
In view of Scott's third felony offender status and his extensive prior criminal record, incarceration for the maximum term allowable is warranted and the trial judge did not abuse his discretion in imposing the maximum penalty. These aforementioned assignments of error are without merit.

Assignment of Error No. 3
Scott contends that the trial court erred by failing to impose sentence as agreed to in the plea agreement. Our review of the record of the guilty plea colloquy shows that Scott was asked by the trial court:
Q. And do you understand the terms of the plea agreement whereby not more than six years or not more than six months would be consecutive to the sentence you already have to serve or will have to serve the balance of.
A. Yes, sir.

*760 Q. In other words, six months will be consecutive but the rest of the sentence will be concurrent with what you serve on the other. Do you understand that?
A. Yes, sir.
Q. And after I have made you aware of the maximum sentence which you face in thison this charge, is it still your desire to beto plead guilty to this charge?
A. Well, Mr.Mr. ah, Jones, told me it was six months and run concurrent.
Q. No. Six months of whatever sentence I'm gonna give you will run consecutive, but the rest of it will run concurrent. Do you understand I can sentence you to up to two years.
A. Yes, sir.
Q. And if I do, a year and a half will run along with the sentence you are serving now. Or gonna serve.
A. Yes, sir.
Q. And only six months would be in addition to that sentence.
A. All right.
Q. Now, that's what he told you.
A. Sumpin' like that.
Q. Something like that? O.K. But you understand that you may have to do upas much as six months in addition to what you're doing on this other.
A. Yes, sir.
This record does not support defendant's contention that the trial court abused its discretion in failing to impose a sentence commensurate with the plea agreement. The sentence was in accordance with the plea agreement. This assignment is without merit.
Scott further contends that he believed there was no remaining term left to be served on a prior conviction and that the maximum sentence he should have received was six months pursuant to the plea agreement. Contrary to this assertion, the record reveals that, at the guilty plea colloquy, Scott expressly acquiesced in the state's report to the court that defendant had between five and six years remaining to serve on his prior burglary conviction. Scott's parole officer, Tilman Givens, was apparently present in court during the guilty plea and provided the information which the court relied on. Scott failed to object during the guilty plea colloquy, therefore, he has waived any objection on appeal. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. State v. O'Neal, 501 So.2d 920 (La.App. 2d Cir. 1987), writ denied, 505 So.2d 1139 (La. 1987); LSA-C.Cr.P. Art. 841.
In brief, counsel for Scott contends that this belief that there was no remaining time left on Scott's prior conviction stemmed from two Louisiana Department of Corrections master prison records which he attached as exhibits to the brief. However, these records were not introduced into evidence at the trial court, therefore, they form no part of the record on appeal. LSA-C.Cr.P. Arts. 917-918. Accordingly, these records may not be considered by this court.

ERROR PATENT
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. In the instant case, the record shows that the court did not inform Scott of the prescriptive period. Failure to do so constitutes error patent. However, the apparent defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for resentencing. LSA-C.Cr.P. Art. 921.
The three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Arts. 914 or 922. Therefore, in the instant case, prescription has not commenced to run. The purpose of the notice of Art. 930.8 C is to inform the defendant of the prescriptive period in advance. Accordingly, the trial court is directed to inform Scott of the *761 provisions of Art. 930.8. The trial court is instructed to send appropriate written notice to Scott within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings.

CONCLUSION
All of the aforementioned five assignments of error are without merit. For the above and foregoing reasons, Scott's conviction and sentence are affirmed.
AFFIRMED WITH INSTRUCTIONS.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, VICTORY, BROWN and STEWART, JJ.
Rehearing denied.