618 So.2d 574 (1993)
STATE of Louisiana, Appellee,
v.
David Timothy ESSEX, Appellant.
No. 24660-KA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*576 Richard Gallot, Ruston, for appellant.
Richard Ieyoub, Atty. Gen., Robert W. Levy, Dist. Atty., John L. Sheehan, Asst. Dist. Atty., for appellee.
Before LINDSAY, BROWN and STEWART, JJ.
STEWART, Judge.
Defendant, David T. Essex, pled guilty to possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. He was sentenced to imprisonment for nine years at hard labor without the benefit of parole, probation or suspension of sentence. Essex was ordered to pay a fine of $2,000 and costs or in default of payment to serve a one-year jail term to run concurrent with his primary term. On appeal, Essex contends that his sentence is excessive, that the trial court erred in not allowing him to withdraw his guilty plea, that his trial attorney was ineffective, and that the trial court erred in imposing a fine with knowledge of his indigent status. For the reasons assigned herein, we affirm.

FACTS AND PROCEDURAL HISTORY
On December 2, 1990, Essex was involved in an argument with another male during a pool game at the Sundown West Bar in Ruston, Louisiana. Essex went to a parked vehicle, retrieved a sawed-off .22 caliber rifle with pistol grips and returned to the bar. He pointed the rifle and threatened the other participant in the argument and bystanders, then Essex fled the area. When the police stopped the car, Essex exited the car and escaped on foot. The driver, who is Essex's brother-in-law, was arrested for DWI. The rifle was recovered from the vehicle. The police later apprehended Essex.
On September 9, 1991, Essex pled guilty as charged pursuant to a plea bargain in which the state agreed not to institute habitual offender proceedings. At his guilty plea, Essex admitted that he had been convicted in East Carroll Parish, on October 12, 1976, of aggravated burglary, in violation of LSA-R.S. 14:95.1. He also admitted that he had possessed a sawed-off rifle on December 2, 1990, as charged. The trial court accepted Essex's guilty plea.
Sentencing was continued several times until February 25, 1992. On that date, Essex failed to appear and a bench warrant was issued. Thereafter, on March 27, 1992, Essex appeared in court and moved to withdraw his guilty plea, which motion was denied by the court. Sentence was imposed with the trial court initially ordering that in default of payment of the fine and costs, defendant would serve an additional year in jail.
Defense counsel timely filed a motion to reconsider the sentence, claiming that the facts and circumstances of the incident as well as Essex's background caused the sentence to be excessive. The trial court denied the motion except to amend the provision concerning default time for the fine and costs. The amendment provided that if Essex defaulted on the payment, the additional year would run concurrent rather than consecutive with the nine years already imposed. This appeal ensued.

*577 DISCUSSION
Assignment of Error Nos. 1, 2 and 6:
Essex contends the sentence imposed is unconstitutionally excessive.
LSA-C.Cr.P. Art. 881.1 became effective January 31, 1992, and is applicable to Essex's March 27, 1992 sentence. This article precludes the state or defendant from raising an objection to the sentence on appeal when a motion to reconsider was not filed. Additionally, grounds not contained in a motion to reconsider can not be reviewed on appeal. State v. Bryant, 607 So.2d 11, 14 (La.App. 2d Cir.1992); State v. Bush, 604 So.2d 1383, 1384 (La.App. 2d Cir.1992).
A motion for reconsideration must be filed within 30 days from the date of imposition of sentence (or within such longer period as the trial court may allow). This gives defense counsel an adequate opportunity to review the defendant's background, criminal history, and family situation, the circumstances of the crime, the court's reasons for sentence, and all other factors which the trial court may have considered in imposing the sentence, and then to timely prepare and file a motion for reconsideration.
Not only must a motion for reconsideration be timely filed with the trial court, but the motion must also contain a specific ground or grounds upon which the defendant is seeking to have the sentence reconsidered. It is insufficient to simply contend that a sentence is excessive. The defendant must assert the reason or reasons why the sentence is asserted to be excessive. State v. Mims, 614 So.2d 776 (La.App. 2d Cir.1993); State v. Boyd, 618 So.2d 571 (La.App. 2d Cir.1993); LSA-C.Cr.P. Art. 881.1(D).
Failure to include a specific ground upon which the defendant is seeking to have his sentence reconsidered precludes the defendant or the state from raising an objection to sentence or urging any grounds not raised in the motion on appeal or review. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992).
Further, an appeal based solely on a claim of excessiveness, without a stated ground, when a sentence has been imposed within the designated sentence range of the grid cell selected presents the appellate court with nothing to review, because such a sentence is appropriate for an offender with that criminal history, and is not excessive under the Louisiana Constitution. La. S.G. § 201(C); Barnes, supra at 874.
In the instant case, Essex stated in his motion to reconsider:

1.
Based on the defendant's background and the facts and circumstances in this case, it is respectfully submitted that the sentence imposed is constitutionally excessive.
The motion as stated merely apprised the trial court that Essex felt aggrieved by the sentence imposed, however, nothing more is communicated by his general allegations of excessiveness in paragraph 1 above. LSA-C.Cr.P. Art. 881.1(D) contemplates that allegations of excessiveness will be stated with particularity in order to give the trial court the initial opportunity to determination whether or not any further consideration of the sentence is warranted. Essex failed to specify any grounds upon which the sentence imposed should have been reconsidered. Absent a specific ground for reconsideration, Essex's motion is pro forma and presents nothing for appellate review. These assignments are without merit.
Assignment of Error Nos. 3, 4 and 5:
Essex contends that, as an indigent, he is aggrieved by the imposition of a fine as part of his sentence. However, this issue was rendered moot when the trial court responded to Essex's motion for reconsideration by amending the original sentence. Essex's original sentence would have exposed him to additional jail time beyond the nine years hard labor sentence in default of payment of the fine, in violation of State, ex rel. Morales v. Court of Appeal, Third Circuit, 575 So.2d 1389 (La.1991); Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. *578 2064, 76 L.Ed.2d 221 (1983). However, the trial court amended Essex's sentence and ran the default time concurrent with the nine years hard labor sentence, thus Essex is not now exposed to serving additional jail time for failure to pay the fine. See State v. Frith, 561 So.2d 879 (La.App. 2d Cir. 1990). These assignments are without merit.
Assignment of Error No. 7:
Essex contends that the trial court erred in denying his motion to withdraw his guilty plea and enter a not guilty plea. Essex's counsel argues that the basis of his withdrawal was that "the guilty plea entered into by appellant was not a knowing, intelligent and voluntary waiver of his constitutional rights."
LSA-C.Cr.P. Art. 559(A) provides that the court may permit a plea of guilty to be withdrawn at any time before sentence. The clear language of the article provides that the withdrawal of a guilty plea is discretionary with the trial court, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981); State v. Scott, 600 So.2d 756, 758 (La.App. 2d Cir. 1992); State v. Jones, 610 So.2d 1014, 1015 (La.App. 1st Cir.1992). A defendant has no absolute right to withdraw a guilty plea. Scott, supra.
This court has found no abuse of discretion in refusing to permit a defendant's withdrawal motion where the defendant had been extensively and thoroughly interrogated by the trial court. State v. Helsley, 457 So.2d 707, 713 (La.App. 2d Cir. 1984). In Helsley, the defendant was clearly informed of the charges and his constitutional rights in arriving at his decision to plead guilty.
In the instant case, the trial court went through a lengthy colloquy with Essex and discussed his rights, the minimum and maximum sentences and the terms of the plea bargain. At that time, Essex agreed that his guilty plea was not induced by threats, coercion or undisclosed promises. The trial court's examination of Essex at the guilty plea proceedings was thorough. There is no basis in the record to conclude that the trial court abused its discretion in refusing to allow Essex to withdraw his guilty plea. This assignment is without merit.
Assignment of Error No. 8:
By this assignment, Essex contends the trial court failed to grant relief due to ineffective assistance of counsel at trial. Essex has urged three specific grounds of ineffective assistance of counsel: (1) failure to attempt to prove mistaken identity; (2) failure to file a motion to suppress the weapon used in the instant offense; and (3) failure to file other relevant pre-trial motions (i.e., preliminary examination). These issues have never been argued to any court until the filing of the brief in the instant appeal, thus, they have not been properly preserved for appellate review.
This record is not sufficient for us to make an intelligent review of the issue of ineffective assistance of counsel. Essex's remedy is therefore post-conviction relief where the quality of the attorney's performance can be fully developed and explored. State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988). For these reasons, we do not address this assignment.

ERROR PATENT REVIEW
An error patent review discloses that the trial court failed to inform Essex of the prescriptive period for post-conviction relief (PCR) as mandated by LSA-C.Cr.P. Art. 930.8. However, this defect has no bearing on whether the sentence is excessive and this is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921. The district court is directed to give Essex written notice of the prescriptive period for applying for PCR within ten days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992). We also note that the three-year prescriptive period does not begin to run until the judgment *579 is final under LSA-C.Cr.P. Art. 914 or 922.

DECREE
For these reasons, Essex's sentence is affirmed. The trial court is ordered to send written notice to Essex of the prescriptive period for post-conviction relief within ten days of the rendition of this opinion and to file written proof in the record that Essex received such notice.
AFFIRMED.
BROWN, J., concurs with reasons.
BROWN, Judge, concurring.
I disagree that defendant is not entitled to have his sentence reviewed. Under the guidelines, defendant falls in grid cell 5A which provides for incarceration of five to six years (60 to 72 months). The trial court did not believe that "the guidelines adequately provided for this offense," and imposed imprisonment of nine years. Thus, a proper motion to reconsider the sentence does require review by this court. Here, defendant's motion to reconsider stated that the facts and circumstances of the incident and his background dictated a lesser sentence. These allegations are sufficient to require a review on those grounds for excessiveness. [emphasis added]. See State v. Butler, 618 So.2d 572 (La.App. 2d Cir.1993), where we reviewed a claim of excessive sentence when the only ground stated was the sentence being "three times what the guidelines suggest."

Defendant's Background
Because the guidelines only allowed up to five points for criminal history, they failed to address Essex's substantial criminal background. Prior felony convictions for auto theft, aggravated burglary, simple escape from the DOC, another aggravated burglary, theft between $100 and $500 and receiving stolen things, together with a misdemeanor conviction for resisting arrest support an upward departure from the guidelines. La.S.G. § 209(18). Essex's failure to appear in court for sentencing is another aggravating factor. La.S.G. § 209(22). We note, as did the trial court, that the motivation for defendant's absence may have been the existence of outstanding felony warrants in another parish.

The Circumstances of the Crime
At the time of sentencing, Essex was 33 years old with an extensive criminal history. By his own admission, in the PSI report, much of his trouble arose out of his use of illegal drugs. In this incident he used an illegally modified rifle to threaten harm to others. The weapon was actually pointed at several people who were at the bar that night. His actions created a situation fraught with the danger of great bodily injury or death. La.S.G. § 209(5). When his vehicle was stopped by the police, he ran off, causing further potential danger to himself and the officers. La.S.G. § 209(22).
Neither the facts and circumstances of the incident nor his background benefit Essex. Rather, they support an upward deviation from the questionable leniency recommended by the guidelines.
The majority opinion presents no suggestions as to what additional language would be needed to evoke a review for excessiveness of sentence. It is difficult to distinguish the ground stated in the motion to reconsider in Butler, supra, from those stated in this case. However, after reviewing the record, I agree that Essex clearly deserved the sentence he received. Thus, I respectfully concur.