618 So.2d 572 (1993)
STATE of Louisiana, Appellee,
v.
Edric D. BUTLER, Appellant.
No. 24732-KA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Shreveport, James G. Burke, III and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, VICTORY and WILLIAMS, JJ.
MARVIN, Chief Judge.
Edric Butler, a 22-year-old admitted gang member (Bloods) involved in a drive-by shooting after a football game in Shreveport, appeals his convictions and his sentences after a jury trial on two counts *573 of attempted first degree murder of victims he apparently thought were members of a rival gang (Crips).
Butler contends the evidence was legally insufficient to convict because he had no specific intent to kill and, in any event, that his sentences to 30 years at hard labor, concurrent with each count, are constitutionally excessive.
We find his assignments unfounded and affirm.

SUFFICIENCY OF EVIDENCE
Butler contends that the trial court erred in denying his Motion for Post Verdict Judgment of Acquittal and failing to enter a lesser verdict of attempted manslaughter or aggravated battery. He submits that he was not guilty of attempted first degree murder because he had no specific intent to kill either of the victims. He asserts that the shooting happened "suddenly and without warning," and that he did not have a motive or "plan" to kill either victim.
Specific intent is an essential element of the crime of attempted first degree murder. LRS 14:27, 14:30; State v. Butler, 322 So.2d 189 (La.1975). Specific intent is determined by what the circumstances indicate as the state of mind of the offender, the consequences desired by the offender to result from his or her conduct. LRS 14:10; State v. Graham, 420 So.2d 1126 (La.1982); State v. Ford, 467 So.2d 1243 (La.App.2d Cir.1985), writ denied. Whether the requisite intent is present is a factual determination for the trier-of-fact. Review of the correctness of this determination is subject to the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Graham, supra; State v. Doby, 540 So.2d 1008 (La.App.2d Cir.1989), writ denied.
When viewed in the light that most favorably supports the jury verdicts, the evidence we hereafter summarize, is legally sufficient to convict:
About 9:00 p.m. on September 13, 1991, after a high school football game at Independence Stadium in Shreveport, more than 100 people, band members, friends and parents, congregated outside of the band room at Fair Park High School. Mertis Street leads to the band room. A black pickup truck, occupied by its driver and a passenger in the cab, and five individuals, including Butler, in the bed, drove on Mertis Street toward the crowd outside the band room, stopping immediately in front of the band room. Wearing a green bandana which signified his membership in the "Lime Street Bloods," Butler yelled out gang slogans including "Queensborough" and "Lime Street Bloods," and fired between five and eight pistol shots into the crowd.
Butler's shots seriously wounded Danielle Shepard, an 18-year-old who was there to pick up her brother, and Charlie Bogan, a member of the Fair Park band. Bogan, who was shot in the right shoulder, suffers from a restricted range of movement and loss of strength in his right arm. Shepard, who was shot in the back, is paralyzed from the waist down.
After this incident, Butler, still in possession of the pistol, went to the Harmony Liquor Lounge on Greenwood Road near Fair Park High School where he bragged about having shot "some Crips."
The trial court mentioned some of the discrepancies and inconsistencies in the testimony of the several witnesses that Butler urges in support of his appeal, but summarized the totality of the evidence in a similar manner as we have done. The court noted the strength of this evidence to establish the element of specific intent, notwithstanding Butler's protestations.
We agree with the jury and the trial court. The circumstances (deliberately yelling gang slogans and firing five to eight shots at the crowd) indicate that Butler had the specific intent to kill more than one person.
When viewed in the light that most favorably supports the jury verdicts, the evidence was sufficient to convict Butler of both counts of attempted first degree murder beyond a reasonable doubt. Jackson v. Virginia, supra; LRS 15:271.

*574 EXCESSIVENESS OF SENTENCES
Butler contended below and here that the 30-year hard labor sentences were excessive, being "three times what the guidelines suggest."
Butler suggests to us more specific reasons than were offered to the trial court. These more specific "grounds" we need not consider. CCrP 881.1. The issue Butler raises, "three times the guidelines," in our opinion, simply is whether the trial court followed the guideline factors for departing upward therefrom. FSG § 209A; State v. Strother, 606 So.2d 891 (La.App.2d Cir. 1992). No sentence shall be declared excessive solely because of the judge's failure to impose a sentence in conformity with the designated sentence range provided by the guidelines. FSG § 103J.
On appeal Butler contends the trial court erred in considering that Butler's conduct created a risk of death or great bodily harm to more than one person, and the trial court failed to consider, as mitigating circumstances, Butler's youth and lack of criminal record, and placed too much weight on the suffering endured by Danielle Shepard. None of the three contentions were stated when the motion for reconsideration was made in the trial court.
The Felony Sentencing Guidelines provide the procedure for departing from the designated sentence range:
3. The court should depart from the designated sentence range when sufficient aggravating or mitigating circumstances are present significantly to differentiate the case from the typical case arising under the offense of conviction.
4. When departing from the designated sentence range, the court shall:
a. pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history; and
b. state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstance, and the factual basis therefor.
5. Reasons for departure from the designated sentence range are appropriate only when such reasons are based on mitigating or aggravating circumstances.

FSG § 209A
In response to defense counsel's oral motion for reconsideration, the trial court stated,
The Court understands that [the sentences imposed are] above the guidelines. However, the guidelines do give the Court the opportunity if it states adequate reasons to aggregate the sentences. I have stated them. Motion for reconsideration denied.
The trial court had the benefit of a PSI which contained the mitigating factors urged here by Butler. The aggravating factors supporting upward departure are obvious. In a braggadocio manner Butler yelled his "Bloods" slogans and deliberately fired five to eight shots at and into the crowd outside the Fair Park band room without provocation. Immediately thereafter he did not say he "shot at a Crip" or "scared some Crips" with his pistol, but openly boasted about having shot "some Crips." Our emphasis. The upward departure was warranted. State v. Strother, supra.
We do not find the sentences constitutionally excessive.

DECREE
The convictions and sentences are affirmed.