VICTORY, Judge.
Defendant pled guilty to three counts of distribution of cocaine, one count of conspiracy to distribute cocaine, and one count of possession with intent to distribute cocaine. He was sentenced to five years at hard labor on each distribution conviction, three years at hard labor on the conspiracy conviction, those sentences to be served concurrently, and five years at hard labor on the possession with intent to distribute conviction to be served consecutively with the other sentences imposed. Defendant now appeals, claiming that the sentences are excessive and that the trial judge failed to sentence him in accordance with statements made by the judge at the time the defendant pled guilty. We affirm.
FACTS
On June 18, 1991, an undercover officer purchased three rocks of crack cocaine from the defendant for a total of $50. Thirty minutes later the same undercover officer purchased another rock from him for $20. On June 20,1991, the officer went to the home of the defendant, again to purchase cocaine. When the officer asked to purchase three rocks of cocaine, the defendant instructed Charles Wilson, who was also present at defendant’s home, to give the undercover officer the drugs in exchange for $50. On August 20, 1991, a grand jury indicted the defendant for three counts of distribution of cocaine and one count of conspiracy to distribute cocaine as a result of these events.
On August 29, 1991, officers from the Monroe Metro Narcotics Unit went to the defendant’s home on an anonymous tip that drugs were being sold from that location. The officers identified themselves to the *63 defendant and read him his Miranda rights. He consented to a search of his home, but denied having any drugs. The search disclosed 31.5 grams of cocaine, $1,348 in cash, two .22 caliber pistols, and drug paraphernalia. He was arrested and later charged by bill of information with possession of cocaine with intent to distribute on August 29, 1991.
After pleading guilty on June 11, 1992, defendant was advised by the trial court the new Felony Sentencing Guidelines were in effect, and that he would not give the defendant a harsher or more lenient sentence than provided by the guidelines, but would “follow the law and the guidelines.” The record also reflects that the defendant was repeatedly told by the judge that the penalty for distributing cocaine, or possessing cocaine with intent to distribute, was no less than five years and no more than thirty years at hard labor.
Before sentencing, the judge was provided with a sentencing guidelines report from the Office of Probation and Parole which incorrectly classified the defendant as a Class F offender, when he was actually a Class G offender, and incorrectly classified the crime of conspiracy to distribute cocaine as a Level 2 offense under the guidelines, when, in fact, it is a Level 3 offense. On July 14, 1992, the trial court sentenced defendant to the statutory minimum required on each of the distribution convictions and the possession with intent to distribute conviction, i.e., five years at hard labor. The judge also sentenced the defendant to three years at hard labor for conspiracy to distribute cocaine.
Thereafter, the defendant timely filed a motion for reconsideration, pointing out that the trial judge had sentenced him based on incorrect information contained in the sentencing guidelines report. At the September 9, 1992 hearing on the motion to reconsider, the judge acknowledged that the guidelines report was incorrect, but after reviewing the guidelines and the sentence ranges in the correct grid cells, maintained the sentences previously imposed.
On appeal, defendant argues that he was promised sentences that would be in the middle of the designated sentence range for the crimes committed and that his sentences were derived from incorrect information from the guidelines report. Further, the defendant argues that he should not have been given a consecutive sentence for the possession with intent to distribute cocaine conviction, but that all of his sentences should have been made to run concurrently with each other.
DISCUSSION
The statutory penalty range for distributing or possessing cocaine with intent to distribute is five to thirty years at hard labor. LSA-R.S. 40:967(B)(1). Thus, any sentence of less than five years at hard labor for a conviction for distribution or possession with intent to distribute cocaine would be illegally lenient. The sentencing guidelines provide in § 211 that if an offender is convicted of an offense for which a mandatory term of imprisonment must be imposed which exceeds the maximum period in the designated sentence range for that offense, the court should impose the minimum sentence required by law to be served in the manner required by law, unless a more severe sentence is justified.
At the hearing on the motion to reconsider the sentences imposed, the trial judge stated that the statutory minimum sentence for distribution and possession of cocaine with intent to distribute was five years on each conviction. Thus, whether the defendant is a Class F offender or a Class G offender makes no difference under these circumstances. The judge was required by law to impose the mandatory minimum of five years at hard labor provided by statute. The trial court further noted, and we agree, that although the sentencing guidelines report incorrectly classified conspiracy to distribute cocaine as a Level 2 offense, rather than a Level 3 offense, the sentence actually imposed by the trial judge, three years at hard labor, falls exactly in the middle of the designated sentence range on the guidelines grid for Grid Cell 3G, the appropriate grid cell for the defendant for the crime of conspiracy to distribute cocaine. A sentence imposed *64 within the designated sentence range of the appropriate grid cell is not excessive and is an appropriate sentence under the guidelines. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992); La.S.G. § 201(C).
Finally, the defendant complains that the trial court should not have given him a consecutive sentence for possessing cocaine with intent to distribute in August, but should have ordered that sentence be served concurrently with the sentences arising out of the June events. However, the defendant did not raise this ground in his motion to reconsider filed with the trial court, and therefore, is precluded from raising it in this court. LSA-C.Cr.P. Art. 881.1.
ERROR PATENT REVIEW
An error patent review discloses that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief (PCR) as mandated by LSA-C.Cr.P. Art. 930.8. However, this defect has no bearing on whether these sentences are excessive and is not grounds to reverse the sentences or remand the case for resentencing. LSA-C.Cr.P. Art. 921. The district court is directed to give the defendant written notice of the prescriptive period for applying for PCR within ten days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992). We also note that the three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922.
DECREE
For these reasons, Dorsey’s sentences are affirmed. The trial court is ordered to send written notice to Dorsey of the prescriptive period for post-conviction relief within ten days of the rendition of this opinion, and to file written proof in the record that Dorsey received such notice.
AFFIRMED.