PER CURIAM.
Appellant, Earnest Stroughter, having pled guilty to armed robbery, now appeals his resentencing on that offense to 30 years at hard labor without benefit of parole, probation, or suspension of sentence. We affirm.
On December 8, 1986, appellant entered the Gulf Magik Mart located on North Market Street in Shreveport, Louisiana. Appellant pulled a pistol on the lone attendant and robbed the establishment and the attendant of approximately $240 in cash.
Appellant subsequently pled guilty to armed robbery pursuant to a plea agreement whereby he would receive a minimum sentence of 30 years, and in exchange, the district attorney would not file multiple offender charges against him. On May 1, 1987, the trial court sentenced Stroughter to 30 years imprisonment at hard labor for armed robbery under LSA-R.S. 14:64. This statute *924 provides for a mandatory sentence without the benefit of parole, probation, or suspension of sentence. The trial court failed to state that appellant’s sentence was without benefit of parole, probation, or suspension of sentence.
On January 4, 1993, the appellant filed a Motion to Correct Illegal Sentence in the trial court alleging that his sentence was illegally lenient. The motion was granted and appellant was subsequently resentenced. This time, appellant was sentenced to 30 years at hard labor without benefit of parole, probation, or suspension of sentence.
Appellant then filed a motion to reconsider sentence which was denied by the trial court. Stroughter appealed, asserting two assignments of error.
First, appellant alleges that the trial court erred in denying his motion to reconsider sentence and by imposing an unconstitutionally excessive sentence. In this respect, appellant asserts that the resentencing judge erroneously determined that the original sentencing judge intended to sentence appellant to 30 years without benefit of parole, probation, or suspension of sentence. Appellant argues that because the original sentencing judge failed to state that the sentence was without benefit of parole, probation, or suspension of sentence, his intent to impose such a sentence cannot be determined.
In this circumstance, where a defendant is being resentenced after successfully challenging an illegally lenient sentence involving parole eligibility, the resentencing judge should attempt to ascertain the intent of the judge originally imposing sentence. If it is determined that the intent of the original sentencing judge was that the term be served without benefit of parole, probation, or suspension of sentence, resentencing to the term originally assessed without benefit of parole, probation, or suspension of sentence is appropriate. If it is determined that the intent of the original sentencing judge was to allow parole eligibility, then the resen-tencing judge may impose a lesser term without benefit of parole to reflect that intent. If the intent of the original judge cannot be determined, then the resentencing judge should make an independent determination of the appropriate sentence not to exceed the original term, to be served without benefit of parole, probation, or suspension of sentence. State v. Desdunes, 579 So.2d 452 (La.1991). In any case, because the successor judge is actually imposing the first legal sentence, that judge is mandated to consider the sentencing guidelines applicable to sentences imposed after January 31, 1992. State v. Husband, 593 So.2d 1257 (La.1992).
In the instant case, the resentencing judge determined that it was the intent of the judge imposing the original sentence to impose a sentence without benefit of parole, probation, or suspension of sentence. We conclude that the record amply supports this determination. Defendant’s argument in this respect is without merit.
The resentencing judge reviewed the facts and circumstances of the case, including the entire record, in the process of resen-tencing. The trial judge correctly determined that the sentencing guidelines called for a sentence of between 28 and one-half years and 30 years. Thus, the defendant’s sentence of 30 years without benefit of parole, probation, or suspension of sentence is within the sentencing guidelines. As such, it is not excessive. State v. Dorsey, 621 So.2d 61 (La.App. 2d Cir.1993); State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992).
Appellant’s second assignment requests that this court review the record for errors patent. After a review of the record, it appears that the resentencing judge apparently inadvertently failed to give the defendant credit for time served. In imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. LSA-C.Cr.P. Art. 880. Failure to do so is error patent. State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990). *925 Therefore, the sentence should be amended to reflect credit for the time served. State v. Coleman, 605 So.2d 231 (La.App. 2d Cir.1992). No other error patent was noted.
Based on the foregoing, the sentence of 30 years at hard labor without benefit of parole, probation, or suspension of sentence is amended to reflect credit for time served, and, as amended, is affirmed.
AFFIRMED AS AMENDED.
BROWN, J., concurs and agrees in the result.