715 So.2d 104 (1998)
STATE of Louisiana, Appellee,
v.
Charles E. SWAFFORD, Jr., Appellant.
Nos. 30651-KA, 30652-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
*105 Paula C. Marx, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Terry R. Reeves, District Attorney, James E. Lewis, Assistant District Attorney, for Appellee.
Before NORRIS, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
The defendant, Charles E. Swafford, Jr., was originally charged with felony theft of over $500 and simple burglary of an inhabited dwelling. He pled guilty to middle-grade theft and unauthorized entry of an inhabited dwelling. The trial court sentenced him to serve five years imprisonment at hard labor and 12 years imprisonment at hard labor without benefits, respectively. He appealed. We affirm the defendant's convictions; however, we vacate his sentences and remand for resentencing.

FACTS
The instant appeal addresses two separate charges (initially felony theft of over $500 and simple burglary of an inhabited dwelling) which were consolidated for appeal by this court on its own motion. The defendant also raises another entirely separate charge (simple burglary) which is not presently before us on appeal.
During May and June of 1996, the defendant stole 156 bottles of liquor from the Winni Mart in Winn Parish. For this offense, he was charged with theft of over $500, a violation of La. R.S. 14:67(B)(1); this bill bears trial court No. 35,517. This is the first case on appeal.
On August 10, 1996, the defendant went into the home of his cousin, Henry Phillips, and stole Mr. Phillips' television. For this offense, the defendant was charged with simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. This bill bears trial court No. 35,518, and this is the second case on appeal. Both charges were filed on October 17, 1996.
Prior to these offenses, on September 25, 1995, the defendant allegedly broke into the Winnfield United Methodist Church and stole a television and VCR. For these acts, on March 18, 1996, Swafford was charged with simple burglary, a violation of La. R.S. 14:62. This is trial court case No. 35,100; it is not one of the cases before us on appeal. On March 20, 1996, he pled not guilty to this charge. On April 17, 1996, defense counsel filed a motion to appoint a sanity commission; the motion was granted. However, this motion applied only to trial court case No. 35,100. The motion specified that the reports of the doctors were due by July 1, 1996. However, the defendant apparently failed to keep his appointments with the doctors, and the reports were not completed at that time.
On October 23, 1996, the defendant pled not guilty to the charges in trial court cases No. 35,517 and No. 35,518. On November 19, 1996, counsel for defendant told the court that he intended to file a motion for a sanity commission in these two matters and requested a continuance for that purpose; the court instructed the attorney to file his motions quickly. However, later that same day, the defendantover the contrary advice of his attorneyinsisted upon pleading guilty in No. 35,517 and No. 35,518. The state agreed to allow the defendant to plead to reduced charges in both cases; in No. 35,517, the defendant pled to middle-grade theft [La. R.S. 14:67(B)(2)], and in No. 35,518, the defendant pled to unauthorized entry of an inhabited dwelling [La. R.S. 14:62.3]. The trial court informed the defendant that it intended to sentence him to the maximum terms of imprisonment for these offenses, two years for the theft and six years for the unauthorized entry, to be served consecutively.
*106 In February 1997, two psychiatrists examined the defendant in conjunction with the motion for a sanity commission in trial court No. 35,100. Both submitted reports to the trial court in March 1997 which stated that the defendant appeared to be malingering.
In April 1997, defense counsel filed a motion to withdraw the defendant's guilty pleas in No. 35,517 and No. 35,518. Counsel argued that the trial court should not have accepted the defendant's pleas because of the pending motion on the sanity issue in No. 35,100. The motion was set for a contradictory hearing on May 22, 1997. However, no hearing was held, and the motion was continued.
On August 19, 1997, the trial court found the defendant competent to stand trial in No. 35,100, and that matter was thereafter fixed for trial. The record contains no further information about the ultimate disposition of the charge in No. 35,100.
On August 20, 1997, the court denied the defendant's motion to withdraw his guilty pleas in No. 35,517 and No. 35,518, and the court sentenced the defendant for these offenses. However, the court sentenced the defendant as if he had pled to the charged offenses and failed to recognize that the defendant had pled to lesser and included charges. Consequently, the court sentenced the defendant to serve five years at hard labor in No. 35,517 (theft) and 12 years at hard labor without benefits in No. 35,518 (burglary/unauthorized entry). The sentences were to be served concurrently. The defendant objected to the denial of his motion to withdraw his pleas and also objected to his sentences as excessive. The trial court denied the oral motion to reconsider; the record contains no written motion to reconsider.
The defendant appealed.

ILLEGAL SENTENCES
Pretermitting the consideration of the appropriateness of these sentences for the defendant and his crimes, these sentences must be reversed as illegal. The defendant pled guilty to middle-grade theft and unauthorized entry of an inhabited dwelling; however, he was sentenced in excess of the maximums for those charges and instead sentenced for felony theft of over $500 and simple burglary of an inhabited dwelling. Thus, no valid sentences have been imposed. La.C.Cr.P. art. 872. The defendant's sentences are vacated, and these matters are remanded to the district court for resentencing. La.C.Cr.P. art. 882.

PROPRIETY OF GUILTY PLEAS
The defendant argues that the trial court should not have allowed him to plead guilty to the offenses currently on appeal or, alternatively, should have allowed him to withdraw those guilty pleas because he had raised the issue of his capacity to proceed in the unrelated simple burglary case.
La.C.Cr.P. art. 642 provides:
The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.
La.C.Cr.P. art. 647 provides, in pertinent part:
The issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing.
In State v. Nomey, 613 So.2d 157 (La. 1993), the supreme court held that once the question of the defendant's capacity to proceed is raised, a trial court violates the defendant's due process rights when it accepts a guilty plea before finding the defendant capable of understanding the proceedings against him or assisting in his defense.
The issues before the court are: (1) whether the pending sanity proceedings in No. 35,100 required the suspension of the prosecution in No. 35,517 and No. 35,518, and, if not, (2) whether the trial court abused its discretion in failing to permit the defendant to withdraw his pleas because of these other pending sanity proceedings.

*107 Sanity commission

Criminal proceedings are instituted by indictment or information. La.C.Cr.P. art. 382. The district attorney has control over how he will prosecute offenses. La. C.Cr.P. art. 61. If the offenses meet the guidelines of La.C.Cr.P. art. 493 and the joinder is not prejudicial, the prosecutor may elect to join several offenses within the same indictment or information. La.C.Cr.P. art. 495.1. However, none of the offenses in these cases were joined in the same charge; these prosecutions were each instituted in a separate bill of information. The charge in No. 35,100 was filed earlier than the charges in No. 35,517 and No. 35,518, and none of the proceedings in No. 35,100 were held simultaneously with the proceedings in No. 35,517 and No. 35,518. Indeed, the motion for a sanity commission in No. 35,100 was filed and granted before the institution of prosecution in the other two cases.
Because the cases of No. 35,517 and No. 35,518 were wholly unrelated to the prosecution in No. 35,100, there was no reason for the district court to give effect in No. 35,517 and No. 35,518 to the pending sanity proceedings in No. 35,100.
In the instant cases, defense counsel told the court that he would file a motion to appoint a sanity commission but never filed such a motion. Thus, the court never ordered the appointment of a sanity commission. Because there was no threshold determination that a sanity commission should be appointed in these cases, the defendant's due process rights were not violated by his pleas of guilty. State v. Gowan, 96-0488 (La.3/29/96), 670 So.2d 1222, rehearing denied, 96-0488 (La.5/10/96), 672 So.2d 917.

Withdrawal of guilty pleas
Having determined that the pending sanity proceedings in No. 35,100 had no suspensive effect in No. 35,517 and No. 35,518, we must now ascertain whether the district court erred in refusing to allow the defendant to withdraw his guilty pleas in the latter cases.
La.C.Cr.P. art. 559(A) provides:
The court may permit a plea of guilty to be withdrawn at any time before sentence.
The withdrawal of a guilty plea is discretionary with the trial court. The decision of the court is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La. 1981); State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992); State v. Hall, 26,006 (La. App.2d Cir. 5/4/94), 637 So.2d 645, writ denied, 94-1373 (La.9/30/94), 642 So.2d 868. A defendant has no absolute right to withdraw a guilty plea. State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993).
As previously noted, the trial court held the sanity hearing in No. 35,100 on August 19, 1997. At that hearing, the court reviewed the results of examinations by two psychiatrists, Dr. Joe B. Hayes and Dr. Paul D. Ware. These reports were made a part of the record in these appeals on motion of the defendant. According to Dr. Hayes:
It is my opinion that it is highly likely that Mr. Swafford is [feigning] his mental illness.
After indicating that further investigation of the defendant's family and medical history was warranted, the doctor said:
I do not wish to discredit him if he truly has a mental disease or defect but it seems that he is doing such a good job to present mental illness and intellectual deficit that it is almost "too good to be true." I doubt that he is real bright because if he is [feigning] this, it is quite easy to "see through."
Dr. Paul Ware reported:
Following careful psychiatric evaluation, in my opinion, Mr. Swafford shows no clear evidence of psychiatric disease and very strong features of malingering, or consciously faking illness.
The trial court relied on these reports to find the defendant competent to stand trial in No. 35,100.
These evaluations, considered just one day before the trial court denied the motion to withdraw the pleas in the instant cases, are convincing evidence that the trial court did not abuse its discretion by denying the defendant's motion. There was no evidence that the defendant suffered from a genuine *108 mental disease or defect; both doctors were of the opinion that the defendant was faking his illness. The plea colloquy itself in these cases reflects that the court carefully explained to the defendant the nature and consequences of his plea and did more than was required to ensure the voluntariness of the pleas. The court engaged the defendant in a dialogue about the facts of each case. From the defendant's factual admissions, it appeared that he was clearly guilty of the offenses charged. Under these facts, the court did not err in denying the defendant's motion to withdraw his pleas.
These assignments of error are without merit.

CONCLUSION
For the above reasons, the defendant's convictions are affirmed. However, his sentences are vacated, and the cases are remanded to the district court for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.