743 So.2d 877 (1999)
STATE of Louisiana, Appellee,
v.
Anthony Wayne MOORE, Appellant.
No. 32,707-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
*878 Wm. Rick Warren, Indigent Defendant Board, J. Wilson Rambo, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Asst. Dist. Atty., Counsel for Appellee.
Before BROWN, WILLIAMS and KOSTELKA, JJ.
BROWN, J.
Defendant, Anthony Wayne Moore, was charged with two counts of cruelty to a juvenile, a violation of La. R.S. 14:93, and one count of possession of cocaine, a violation of La. R.S. 40:967. Defendant entered an Alford plea to one count of cruelty to a juvenile and the other charges were dismissed. A "best interest" or Alford plea, derived from North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pleads guilty while maintaining his innocence. State v. Calhoun, 96-0786 (La.05/20/97), 694 So.2d 909.
Defendant was sentenced to seven years at hard labor to be served consecutively with any other sentence that defendant, who was on parole at the time of these offenses, might be required to serve. Defendant has appealed, urging that his guilty plea was involuntary and his sentence excessive. Finding no error, we affirm.

Facts
The incident from which the charges arose occurred on June 6, 1998 at the residence of Michelle Dillard. At the time, Ms. Dillard was home with Danielle Moore, her nine-year-old daughter, and Nicholas Moore, her six-year-old son. Defendant was the father of the six-year-old boy. Defendant, who had been drinking, refused to allow Ms. Dillard and her children to leave the residence for approximately two hours.
A bill of information was filed alleging two counts of cruelty to a juvenile. The *879 first count contended that defendant held Nicholas Moore hostage for two hours and hit him. The second count contended that defendant held Danielle Moore hostage for two hours. Count three alleged that defendant possessed a Schedule II controlled dangerous substance, namely cocaine. As noted above, defendant pled guilty to one count of cruelty to a juvenile.
At his guilty plea, defendant responded to the prosecutor's recitation of facts as follows:
The Court: Mr. Moore, you heard that brief summary of the facts. Are those facts substantially correct?
Mr. Moore: No, sir.
The Court: What's not correct?
Mr. Moore: I was playing around with my son and at the time that I was at home for two hours, I had taken a shower and when I got out of the shower I was getting dressed and I was playing around with my son and she said I was being too rough with him and that was all that was. And some kind of way we had a little argument from there.
The Court: All right, then, Mr. Moore, I can't accept your plea at this time then, because you have denied the essential element of the offense, so at this point we'll have to show the matter certified for trial unless he's doing an Alford plea.
Mr. Warren: May I have a moment to explain to him what that means?
The Court: All right.
(OFF THE RECORD)
The Court: What are we doing with Mr. Moore?
Mr. Warren: He says he wants to go through with an Alford plea.
The Court: All right. You understand then, Mr. Moore, while you're denying the facts that were recited by the District Attorney you're saying that you believe if the matter went to trial that the State would be able to prove that and that you'd be found not (sic) guilty despite your agreement with the facts, is that what you want?
Mr. Warren: Pleading guilty.
The Court: Excuse me?
Mr. Warren: You said not guilty.
The Court: I'm sorry, that you wanted to enter a plea of guilty even though you believe that you disagree with the facts because you believe if you went to trial that you would be found guilty, is that
Mr. Moore: Yes, sir.
Further, a sentencing limitation was discussed at the time of the guilty plea. The state and defense had agreed to limit defendant's sentencing exposure to no more than seven years. The trial court, however, stated that it would consider a presentence investigation report to determine if such a cap would be appropriate. If not, defendant would be allowed to withdraw his guilty plea.
At sentencing, the court imposed a seven-year hard labor term. While the court was pronouncing sentence, defendant interrupted and the following exchange occurred:
Mr. Moore: Sir, excuse me.
The Court: yes sir, go ahead.
Mr. Moore: When I made that plea you gave me the option to withdraw my plea.
The Court: I gave you the option to withdraw it if I gave over, went over the cap, yes, sir. That was the option I gave you.
Mr. Moore: Oh, it's not an option to withdraw the whole
The Court: No, sir.
Mr. Moore: Well, I kind of misunderstood it, I'm sorry.
The Court: Well, I mean, Mr. Moore, if you hadn't of pled guilty that day you would have gone to trial and you would have been convicted of cruelty to a juvenile. I mean this, *880 that was your option to go to trial or to plead guilty and you chose to plead guilty and I told you that after reviewing the pre-sentence investigation, if I thought that I was going to exceed the cap that I would give you an opportunity to withdraw that plea.
Mr. Moore: Oh.

Discussion

Withdrawal of guilty plea
Defendant argues that he did not fully understand the circumstances under which his guilty plea could be withdrawn. As a result, defendant feels that his guilty plea was not voluntary.
When entering his guilty plea, defendant understood that two other serious charges were being dismissed and that he had reduced his maximum sentencing exposure from ten to seven years on the single charge to which he pled. The trial court clearly explained that if it determined a need to exceed the cap, defendant would be allowed to withdraw his guilty plea.
The trial court went through an extensive colloquy with defendant and explained to him that: he would be waiving the right to have a trial, either in front of a judge or a jury; at trial, the state would have the burden of proving guilt beyond a reasonable doubt and defendant would not be required to prove his innocence; and, he would be waiving his right to remain silent, his right to confrontation and his right to compulsory process. A factual record was made demonstrating defendant's guilt. Defendant's attorney stated that he was satisfied that all of the necessary elements of the crime to which defendant pled guilty were present. Defendant stated that he understood his rights as explained by the court and denied any intimidation concerning his guilty plea.
The trial court may permit a guilty plea to be withdrawn at any time prior to sentencing. La.C.Cr.P. art. 559(A). The clear language of the article provides that the withdrawal of a guilty plea is discretionary with the trial court. It is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Swafford, 30,651 (La.App.2d Cir.06/24/98), 715 So.2d 104; State v. Bates, 29,252 (La.App.2d Cir.01/22/97), 711 So.2d 281. A defendant has no absolute right to withdraw a guilty plea. State v. Bates, supra; State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993).
The record clearly supports the trial court's refusal to allow defendant to withdraw his guilty plea. The record does not substantiate defendant's contention concerning a misunderstanding.
Defendant now claims that he was entitled to an evidentiary hearing on his motion to withdraw his guilty plea. When a motion to withdraw a plea is made prior to sentencing, a court may hold an evidentiary hearing, but is not required to do so. State v. Greer, 572 So.2d 1166 (La.App. 1st Cir.1990). In fact, where the record does not reflect that an evidentiary hearing was requested in the trial court, and where the defendant does not object to the failure to hold a hearing, a defendant has not properly preserved the issue on appeal. La.C.Cr.P. art. 841; State v. Lewis, 633 So.2d 315 (La.App. 1st Cir. 1993).
When defendant appeared before the court for sentencing, he made an oral motion to withdraw the plea. The record, however, does not reflect that defendant either requested an evidentiary hearing or objected to the failure to hold such a hearing. Further, defendant has made no showing regarding what evidence or testimony he could have produced at such a hearing. Therefore, we find no error in the fact that an evidentiary hearing was not conducted.

Excessive sentence and compliance with La.C.Cr.P. art. 894.1
La.C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or *881 seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This provision applies both to agreed sentences and to agreed ceilings, ranges or caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Bradley, 30,672 (La.App.2d Cir.05/13/98), 714 So.2d 125; State v. Rice, 26,478 (La. App.2d Cir.12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340.
Where a specific sentence cap has been agreed to as a consequence of a plea bargain and the sentence imposed is within that agreed range, there is no need for the trial court to give reasons for the sentence as required by La.C.Cr.P. art. 894.1 State v. Bell, 412 So.2d 1335 (La.1982); State v. Brown, 427 So.2d 1284 (La.App. 2d Cir. 1983).
The record clearly shows that the state and defendant agreed to a cap and that the subsequent sentence was imposed within the limits of that agreement. The trial court simply explained that if the court believed the cap was inappropriate, then defendant could withdraw his guilty plea. Such an option is always available to a trial court.
We find that under these circumstances an agreement was reached as to defendant's maximum exposure and therefore, the trial court was not required to articulate for the record its reasons for sentence. Although not required to state reasons for the sentence imposed, the trial court, contrary to defendant's argument, did in fact discuss on the record defendant's prior criminal history and the lack of any mitigating factors.
Furthermore, an examination of the sentence for constitutional excessiveness reveals no error. Defendant, a prior felony offender, clearly received substantial benefit from his plea agreement with the state, obtaining the dismissal of two other serious charges and a limitation on his potential sentencing exposure. The PSI reveals that defendant, who admitted that he was under the influence at the time of the instant offense, has a serious substance abuse problem and a lengthy criminal record which includes crimes of violence.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.[1]
NOTES
[1] The trial court failed to inform defendant of the applicable prescriptive period for post-conviction relief. We therefore direct the trial court to provide defendant with written notice of the time period within which applications for PCR must be made and to file proof of defendant's receipt of said notice into the record within 30 days.